[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-13191
Non-Argument Calendar

_____

D. C. Docket No. 00-02489-CV-RLV-1

CHARLES LARRY JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 18, 2002)**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

This appeal requires us to determine whether a federal prisoner's unspecific reference to filing a 28 U.S.C. § 2255 motion in another § 2255 petition in a related case qualifies to equitably toll the statutory limitation period. Charles Larry Jones was convicted for his participation in a cocaine distribution conspiracy.[1] His conviction and sentence of 292 months of imprisonment was affirmed by this court, and certiorari was denied by the United States Supreme Court on February 22, 1993. United States v. Eley, et al., 958 F.2d 1083 (table) (11th Cir. 1992), cert. denied, DeFoor v. United States, 507 U.S. 916, 113 S.Ct. 1271 (1993). On September 18, 2000, Jones filed his pro se, form § 2255 motion, which the district court denied as untimely; judgment was entered on 20 November 2000.

Jones then moved the district court to alter or amend the judgment and contended for the first time that the statute of limitations should have been equitably tolled. He argued that tolling was warranted because, in his § 2255 motion that was filed on March 28, 1997, in a related case concerning the same facts and pending at that time in the same district as this case, that he had stated: "I

_____

[1] Jones and his wife, Judy Jones, were among seven defendants convicted in a joint trial for individual involvement at different levels in a cocaine distribution network. One of the coconspirators received cocaine from a broker in Miami and distributed it in Atlanta. Jones delivered cocaine for distribution and sale in street-level quantities. Intercepted telephone calls resulting from a wiretap on the Joneses' telephone provided incriminating evidence of the conspiracy, which was presented by the government at trial.

plan on filing a 2255 on my other case."[2] R1-76; SR1-83-Ex. A-7. Jones makes the novel argument, which is one of first impression nationally, that this unspecific reference in a related case notified the government of his prospective intention to file a § 2255 motion in this case and preserved his right to do so. The district judge denied the motion to alter or amend the judgment because Jones "failed to make a legal showing as to why his motion pursuant to 28 U.S.C. § 2255 should be considered timely filed." R1-77. Jones appeals the district judge's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence as untimely and the order denying his motion to alter or amend the judgment based on equitable tolling of the one-year statute of limitations. Pursuant to the district court's certificate of appealability ("COA"), our review is "limited to the question of whether the pendency of a similar claim in another habeas proceeding operates to toll the one-year statute of limitations found in 28 U.S.C. § 2255."[3] R1-82; see Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) (holding that "appellate review is limited to the issues specified in the COA").

---

[2] In both cases, Jones asserted ineffective assistance of counsel for failing to suppress wiretap evidence. Jones's first § 2255 motion in a related case in which the subject reference was made has now been concluded. Jones v. United States, 224 F.3d 1251 (11th Cir. 2000).

[3] We denied Jones's motion to expand the certificate of appealability "because appellant has failed to make a substantial showing of the denial of a constitutional right." Jones v. United States, No. 01-13191 (11th Cir. Oct. 19, 2001); see 28 U.S.C. § 2253(c)(2).

3

We review de novo both a district court's determination "that a petition for federal habeas corpus relief was time-barred," Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002), and a "district court's determination that equitable tolling is inapplicable," Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).[4] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] We have determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are "equally valid" in § 2255 cases. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); see Brackett v. United States, 270 F.3d 60, 66 (1st Cir. 2001) ("The Supreme Court commonly interprets § 2255 and § 2254 in light of each other."), cert. denied, __ U.S. __, 122 S.Ct. 1575 (2002). Although the issue of equitable tolling was not raised until Jones's motion to alter or amend judgment, for which the review standard is abuse of discretion, Raney v. Aware Woman Center for Choice, Inc., 224 F.3d 1266, 1268 (11th Cir. 2000) (per curiam), cert. denied, 532 U.S. 971, 121 S.Ct. 1602 (2001), "the result of this appeal would not be different whether our review here was de novo or for abuse of discretion," Saxton v. ACF Indus., Inc., 239 F.3d 1209, 1212 n.2 (11th Cir.), vacated, 244 F.3d 830 (11th Cir.) (en banc), reh'g en banc on other grounds, 254 F.3d 959 (11th Cir. 2001).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4). We have held that a federal prisoner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year, until April 23, 1997, to file a § 2255 motion. Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998) (per curiam). Because Jones's conviction in this case was final with the denial of certiorari of his direct appeal in the United States Supreme Court[5] prior to the effective date of the AEDPA, his one-year statutory period for filing his § 2255 petition terminated on April 23, 1997.[6] Helton v. Secretary for the Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001) (per curiam), cert. denied, __ U.S. __, 122 S.Ct. 1965 (2002). Unless Jones is eligible for equitable tolling, his § 2255 motion was time barred when he filed

_____

[5] Our circuit has determined that a conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits. Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam).

[6] The finality of Jones's conviction in this case is the only applicable date of the four statutory dates in § 2255. No unconstitutional or unlawful act by the government prevented Jones from filing his § 2255 motion within the one-year limitation period or that the Supreme Court has recently recognized a right retroactively applicable to § 2255 cases. See 28 U.S.C. § 2255(2), (3). Jones does not state that the one-year limitation period under § 2255 should be calculated from a date, when through the exercise of due diligence, he discovered the facts supporting his arguments for relief. See 28 U.S.C. § 2255(4); cf. Brackett v. United States, 270 F.3d 60, 68 (1st Cir. 2001) (holding that subsequent vacating of underlying state convictions used to enhance a federal sentence did not qualify as newly discovered facts from which the one-year statutory limitation period should be calculated), cert. denied, __ U.S. __, 122 S.Ct. 1575 (2002).

5

it.[7] <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir.), <u>cert. denied</u>, 531 U.S. 971, 121 S.Ct. 410 (2000).

Because it is "an extraordinary remedy," <u>Steed</u>, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly," <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings. <u>Duncan v. Walker</u>, 533 U.S. 167, 178, 121 S.Ct. 2120, 2127 (2001); <u>Williams v. Taylor</u>, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490 (2000). In contrast to 28 U.S.C. § 2254, where federal habeas proceedings for state prisoners involve comity and federalism concerns in addition to finality, the Supreme Court has clarified that § 2255 does not implicate exhaustion or other collateral proceedings.[8] <u>See Duncan</u>,

---

[7] Although Jones's pro se § 2255 motion was filed in the District Court for the Northern District of Alabama on September 22, 2000, under the "mailbox rule," we deem it filed on the date that he delivered it to prison authorities for mailing, presumptively, September 18, 2000, the day that he signed it. <u>Washington</u>, 243 F.3d at 1301. This distinction, however, is inconsequential to the timeliness of Jones's § 2255 motion in this case because the one-year limitation period expired on April 23, 1997, since his conviction was final before the effective date of the AEDPA. <u>Goodman</u>, 151 F.3d at 1337-38.

[8] "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." <u>Duncan</u>, 533 U.S. at 178-79, 121 S.Ct. at 2127-28. The Supreme Court further explained:

> The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.
>     . . . .

533 U.S. at 178-80, 121S.Ct. at 2127-29. Since the Court has upheld "the signal purpose[] animating AEDPA [a]s [being] the desire of Congress to achieve finality in criminal cases, both federal and state," through strict interpretation of the one-year limitation period for federal prisoners in § 2255, we must be cautious in analyzing a § 2255 petitioner's appellate issues not to "create a loophole which is contrary to the legislative intent of insuring a greater degree of finality."[9] Brackett v. United States, 270 F.3d 60, 69 (1st Cir. 2001), cert. denied, __ U.S. __, 122 S.Ct. 1575 (2002).

---

> By tolling the limitation period for the pursuit of state remedies and not during the pendency of application for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts.

Id. at 179, 180, 121 S.Ct. at 2128 (emphasis added) (citation omitted). Comparing the one-year limitation period in § 2244(d)(1) with that of § 2255(1)-(4), the Court noted that "[a] diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce." Id. at 180, 121 S.Ct. at 2128.

[9] The judicial concern with equitable tolling is disruption of a congressionally established statute of limitation through various equitable exceptions susceptible to repetition and expansion:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In the § 2255 context, equitable tolling "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam); see Calderon v. United States Dist. Court, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."). "The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton, 259 F.3d at 1314-15. The petitioner has the burden of proving entitlement to equitable tolling by showing that "extraordinary circumstances that were both beyond his control and unavoidable even with diligence" prevented filing the petition on time. Akins, 204 F.3d at 1090; see Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (stating that the § 2255 petitioner "bears the burden of establishing the basis for" equitable tolling); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (recognizing "that equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair' . . . . [and that a] petitioner must show that he or she 'exercised reasonable

diligence in investigating and bringing [the] claims" (third alteration added) (internal citations omitted)). Federal courts "must examine each case on its facts" and apply statutory law and controlling precedent to determine if a particular request qualifies for equitable tolling of the unequivocal, one-year limitation period. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124 (2001); see 28 U.S.C. § 2255.

Jones's appointed appellate counsel offers three reasons for his failure to file his § 2255 motion within the one-year limitation period that allegedly qualify for equitable tolling.[10] The first is that the government had notice that Jones's § 2255 motion was going to be filed in this case because of his unspecific reference in his other § 2255 motion, filed timely in a similar case in the same district with the same counsel, that he was going to file a § 2255 motion in his "other" case, purportedly meaning this case. This argument is fraught with problems, not the least of which is the fact that Jones has provided no direct authority for his innovative proposition, and we have found none.

Jones has misapprehended the notice requirement concerning the one-year limitation period, which derives from the mandatory language of § 2255 as well as

---

[10] Jones filed an initial, pro se brief, which was supplemented by his court-appointed, appellate counsel's brief.

9

his burden of proof.  See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section." (emphasis added)).  The onus is on Jones, and not on the government, to show why he did not file his § 2255 motion within the statutory limitation period.  His deflective notice argument misses the issue and misconstrues his burden of proof.

Even if Jones's notice argument were colorable, he failed to provide specific notice that he meant this case.  It is impracticable to expect the government, inundated with numerous prisoners' cases, to parse any petitioner's other cases to find an unspecific reference to filing a collateral motion in another case and to know which case is meant.  We will not place such an unrealistic burden on the government.

Moreover, the Supreme Court has held that a timely filed § 2254 motion will not toll the analogous one-year limitation period for a second, untimely § 2254 petition, Duncan, 533 U.S. at 181-82, 121 S.Ct. at 2129, and the First and Fourth circuits have held that pending motions for a new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33 will not toll the one-year limitation period for a § 2255 motion, Trenkler, 268 F.3d at 24-27; United States v.

<u>Prescott</u>, 221 F.3d 686, 688-89 (4th Cir. 2000).[11]  Rejecting petitioner's equitable

tolling argument, the First Circuit reasoned that the pendency of petitioner's Rule

33 motion for more than two years, while out of his control, "provides no basis for

equitable tolling" because

> nothing prevented [petitioner] from filing a § 2255 motion while his
> Rule 33 motion was pending, just as nothing compelled him to file a
> motion under Rule 33 in the first place rather than seeking relief under
> § 2255.
> . . . .

---

[11] In <u>Duncan</u>, the Supreme Court interpreted the phrase "application for State post-conviction or other collateral review" in 28 U.S.C. § 2244(d)(2) to mean that <u>only state</u>, and <u>not federal</u>, habeas corpus proceedings toll the one-year limitation period during the pendency of a timely filed federal habeas petition.  533 U.S. at 181-82, 121 S.Ct. at 2129.  In addition to the plain, mandatory language, the Court reasoned that, to fulfill the AEDPA statutory purpose of finality:

> Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling
> provision, together with § 2254(b)'s exhaustion requirement,
> encourage litigants <u>first</u> to exhaust all state remedies and <u>then</u> to file
> their federal habeas petitions as soon as possible.
>     . . . .
> [O]ur sole task in this case is one of statutory construction, and upon
> examining the language and purpose of the statute, we are convinced
> that § 2244(d)(2) <u>does not toll the limitation period during the
> pendency of a federal habeas petition</u>.

<u>Id.</u> at 181, 121 S.Ct. at 2129 (third emphasis added).  If a timely filed § 2244 habeas petition will not toll the one-year limitation period for an untimely filed, second § 2254 petition, where there are comity and  exhaustion concerns relative to state courts, then a timely filed § 2255 motion clearly will not toll the one-year limitation period for a second, untimely filed § 2255 motion, where the issues of comity and exhaustion of state remedies are not present.  <u>See</u> <u>Trenkler</u>, 268 F.3d at 23 ("Federal habeas review of state convictions under § 2254 implicates principles of comity that are inapplicable in the context of federal review of federal convictions under § 2255."); <u>Prescott</u>, 221 F.3d at 689 ("Moreover, § 2244(d) indicates Congress was aware of tolling issues regarding post-conviction relief proceedings, yet chose not to add an exhaustion requirement for post-trial motions to § 2255.").

> That he felt it prudent to wait for the completion of yet another round of litigation before filing a motion under § 2255 <u>does not excuse his failure to comply with the one-year limitations period</u>.

<u>Trenkler</u>, 268 F.3d at 26 (emphasis added); <u>see</u> <u>Prescott</u>, 221 F.3d at 689 ("In light of the unambiguous language of the statute and Congress' knowing rejection of an exhaustion requirement for § 2255, we would be guilty of judicial legislation were we to grant the relief [petitioner] requests."). Otherwise, "every defendant seeking to file an untimely § 2255 motion could do an end-run around the AEDPA limitation period by filing a timely, but ultimately meritless, Rule 33 motion." <u>Johnson v. United States</u>, 246 F.3d 655, 659 (6th Cir. 2001) (treating Rule 33 motion based on newly discovered evidence of false testimony at trial after the finality of direct review and filed after the ten-day period provided in Federal Rule of Appellate Procedure 4(b)(3) as a collateral challenge for the purpose of filing an untimely § 2255 motion outside the one-year limitation period).

Jones does not contend that newly discovered evidence or any specific cause was the reason for the delay in filing his § 2255 motion in this case within the one-year limitation period. Instead, he relies on his unspecific notice in his timely filed § 2255 motion in another case.[12] When even newly discovered evidence following

---

[12] Taken to its logical conclusion, Jones's notice argument theoretically could preserve filing a motion for post-conviction relief indefinitely, which would be diametrically counter to the finality purpose of the AEDPA. If Jones were to prevail in this appeal, then he would have successfully preserved the filing of his § 2255 motion for more than seven years from the finality of his

12

finality of direct appeal has been determined to be ineligible for equitable tolling of the one-year § 2255 limitation period, we readily conclude that Jones's unspecific notice argument in another § 2255 case is an unsatisfactory explanation for his lack of diligence in filing his § 2255 motion in this case and an insufficient reason for the rare use of equitable tolling for failing to file his § 2255 motion within the statutory limitation period. See Irwin, 498 U.S. at 96, 111 S.Ct. at 458 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

Jones's counsel next argues that, since both of his § 2255 cases concern the same facts,[13] they "relate back" under Federal Rule of Civil Procedure 15(a)[14]; thus, he can amend his untimely § 2255 motion in this case with his timely § 2255 in

conviction. Because federal courts have extrapolated from and interchanged § 2255 and § 2254 decisions, such a result potentially could be ingrafted in the § 2254 context, which would extend a resolution that would circumvent the finality impetus of the AEDPA.

[13] Jones's counsel repeatedly states that both cases in which Jones filed § 2255 motions are based on the same facts and law. See, e.g., Petitioner's Brief at 4 ("Upon the issuance of the [first] opinion, Mr. Jones immediately filed a second pleading, making the identical ineffective assistance of counsel claim regarding the sealing of the wiretap evidence." (emphasis added)); id. at 7 ("Mr. Jones's initial petition put the government on immediate notice that he would challenge both judgments against him–charges originally levied in one indictment and based on identical wiretap audiotapes." (emphasis added)); id. at 9 ("Mr. Jones had the same counsel in each case, and filed not only a similar, but an identical claim of ineffective assistance against this attorney."); id. at 11 ("In fact, Petitioner filed an identical claim in his subsequent petition, and noted that he had preserved his claim in the prior petition."); id. at 17-18 (Mr. Jones's allegations all arise out of the same set of facts–his counsel was ineffective for failing to suppress wiretap evidence." (emphasis added)).

[14] We note that the relation-back portion of this rule is Federal Rule of Civil Procedure 15(c).

another case and thereby avoid the statutory one-year limitation period. Petitioner's Brief at 16-18. Like Jones's first argument, this contention is attenuated. The authority that he cites from our circuit involve amendments to § 2255 motions in the <u>same</u> case and not an untimely § 2255 motion serving as an amendment to a timely § 2255 motion in <u>another</u> case.[15]

Our cases, however, indicate that equitable tolling based on relation back is inappropriate. We have recognized that Rule 15(c) "'has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'" <u>Pruitt v. United States</u>, 274 F.3d 1315, 1318 (11th Cir. 2001) (quoting Advisory Committee Note to 1991 Amendments to Rule 15). This case does not involve a technical pleading error, but an attempt to evade a statutory limitation period. <u>See</u> <u>Mederos v. United States</u>, 218 F.3d 1252, 1254 (11th Cir. 2000) (vacating district court's dismissing petitioner's second § 2255 motion as time barred when it "cured the initial § 2255 motion's technical deficiency" of petitioner's failure to sign it). This "relatively narrow purpose" of Rule 15(c) can be thwarted in the post-conviction context: "the effective date of the claims made in amendments to habeas corpus petitions [would

---

[15] <u>Pruitt v. United States</u>, 274 F.3d 1315 (11th Cir. 2001) (per curiam); <u>Mederos v. United States</u>, 218 F.3d 1252 (11th Cir. 2000); <u>Davenport v. United States</u>, 217 F.3d 1341 (11th Cir. 2000), <u>cert. denied</u>, 532 U.S. 907, 121 S.Ct. 1232 (2001). Petitioner's Brief at 16-18.

be] irrelevant, because if the claim could not be added by amendment, it could be asserted by subsequent petition that would not be barred by any limitations period."[16]  Pruitt, 274 F.3d at 1318.  Additionally, allowing such amendments "would effectively require the government to prepare its case a second time," which is not an equitable remedy.  Id. at 1319.

Significantly, "[u]nder Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner not inconsistent with the Rules Governing § 2255 Proceedings."  Mederos, 218 F.3d at 1254 (emphasis added).

> A motion shall be limited to the assertion of a claim for relief against one judgment only of the district court.  If a movant desires to attack the validity of other judgments of that or any other district court under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate motions.

Rules Governing § 2255 Proceedings 2(c) (emphasis added).  Under this rule, Jones cannot join his two § 2255 motions through amendment or otherwise.  This argument is a thinly veiled attempt to escape the strictures of a clear statutory

---

[16] We further note that, because this § 2255 motion was not filed until after Jones's other § 2255 motion had been answered by the government, decided by the district court, and an opinion rendered by our court, Federal Rule of Civil Procedure 15(a) prevents this petition from being considered an amendment to his first § 2255 motion filed in another case.  Fed. R. Civ. P. 15(a).

limitation period. Jones's "current predicament" plainly results from "his inattention to the limitation period of § 2255." Prescott, 221 F.3d at 688.

Finally, Jones's counsel contends that, since his § 2255 motions were pro se and based on the same facts and law, these motions should be liberally construed together to capture the timely filing of the first § 2255 motion to preserve this second petition. Similar to his relation-back argument, the cases cited for this proposition do not concern joining two separate cases by using the statutory limitation period for a timely filed § 2255 motion in one case to save an untimely filed § 2255 motion in another case.[17] Our court has determined that a petitioner's

---

[17] Among the cases quoted by Jones's counsel is the seminal case for pro se, liberal-construction jurisprudence, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972) (per curiam), which concerns construing a prisoner's pro se complaint to withstand a Federal Rule of Civil Procedure 12(b)(6) challenge and not timely filing within a statutory limitation period. Petitioner's Brief at 19 & 21. Also inapposite is the quotation from Irwin, which quoted in full states: "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 96, 111 S.Ct. at 457-58 (emphasis added); Petitioner's Brief at 19 & 24. Jones did not actively pursue this § 2255 motion during the applicable statutory limitation period.

Regarding the law in our circuit, Jones's counsel quotes from Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991), that "[t]his court has a duty to 'liberally construe [a pro se litigant's] assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base.'" Petitioner's Brief at 19 & 21 (quoting Fernandez, 941 F.2d at 1491). Yet, the Fernandez panel determined that the prisoner/petitioner's collateral attack on his sentence through a motion under Federal Rule of Criminal Procedure 35(b) was denied correctly by the district judge as untimely for failure to file within the statutory period: "A court has no authority to extend the 120-day period and has no jurisdiction over a Rule 35(b) motion filed after the period runs." Fernandez, 941 F.2d at 1492. Jones's quotations from United States v. Grant, 256 F.3d 1146 (11th Cir. 2001), are misapplied because Grant concerns the proper filing of a notice of appeal under Federal Rule of Appellate Procedure 4(b) and not a § 2255 motion. Petitioner's Brief at 21 & 22. Critical to our court's permitting the appeal when Grant, who had two convictions, had omitted one

§ 2255 motion, raising ineffective assistance of counsel, is an unavailable, successive petition when a district judge recharacterizes a Rule 33 motion as both a Rule 33 and § 2255 motion. O'Ryan Castro v. United States, 290 F.3d 1270, 1273-75 (11th Cir. 2002). Not only did we strictly "apply the AEDPA restrictions to successive § 2255 petitions," id. at 1274, but also we stated that "the ineffective assistance of counsel claim was available to [petitioner] at the time he filed his initial motion for new trial, and he had an opportunity to raise this claim during the adjudication of his recharacterized § 2255 petition," id. at 1273.

Jones's reiterated statements that the facts are identical in his two § 2255 motions as a means to join them for the purpose of securing a timely filing for this untimely § 2255 motion belie his liberal-construction argument. He plainly did know the one-year statutory limitation period because his first § 2255 motion was filed timely. Cf. Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.) (holding that ignorance of the law is insufficient rationale for equitable tolling), cert. denied, 531 U.S. 1035, 121 S.Ct. 622 (2000). Because the facts are the same, Jones could have timely filed both of his § 2255 motions within the one-year statutory limitation

of the case numbers from his timely notice of appeal and thus filed a second, untimely notice of appeal, was because "a consolidated sentencing hearing on both cases was held in the district court, and there was only one judgment and commitment order entered for both cases." Id. at 1151. The timely § 2255 motion that Jones seeks to amend or join with his untimely § 2255 motion for the purpose of complying with the statutory limitation period is from a separate criminal trial and judgment. In contrast to Grant, these convictions were not consolidated for sentencing.

period.  "[T]he fact that a statute of limitations creates certain inefficiencies or inconveniences hardly qualifies as an 'extraordinary circumstance' that 'prevent[s]' a litigant from complying with the strictures of the applicable limitations period." Trenkler, 268 F.3d at 25 (citation omitted) (first alteration added).  Significantly, an inefficiency consideration is irrelevant in the context of a mandatory statute of limitations period; the issue is not whether a district court "should have decided" petitioner's § 2255 motion while his Rule 33 motion was pending, but "when [petitioner] should have filed" his § 2255 motion.  Id.  Equitable tolling does not apply "to what is at best a garden variety claim of excusable neglect."  Irwin, 498 U.S. at 96, 111 S.Ct. at 458.

None of Jones's reasons for equitable tolling of the one-year statutory limitation period for filing his § 2255 motion at issue in this appeal qualifies under our duel circuit standard.  He has failed to show that his delay in excess of seven years from the finality of his conviction before filing of his § 2255 motion was the result of extraordinary circumstances beyond his control or was unavoidable even with diligence.  See Malcolm v. Payne, 281 F.3d 951, 963 (9th Cir. 2002) ("With 20/20 hindsight, the decision [to seek other collateral relief first] may have been unfortunate, but it was not beyond [petitioner's] control.").  To the contrary, his filing a § 2255 motion in a related case based on the same facts undermines his

18

arguments and militates against the infrequent application of equitable tolling. <u>See</u>

<u>Brackett</u>, 270 F.3d at 71 (recognizing that equities are not in favor of a petitioner

who "sat on his hands for a great many years" and did not dispute committing the

crime); <u>Fisher</u>, 174 F.3d at 715 ("'[E]quity is not intended for those who sleep on

their rights.'" (citation omitted)). Employment of equitable tolling in this appeal

would cause the precise abuse that the AEDPA was enacted to prevent by creating

opportunities for convicted prisoners to delay filing motions for post-conviction

relief resulting in piecemeal litigation, thus delaying finality in sentencing. <u>See</u>

<u>Duncan</u>, 533 U.S. at 180, 121 S.Ct. at 2128-29. Because Jones has failed to

establish that he qualifies for equitable tolling of the one-year limitation period, the

district judge's denying Jones's § 2255 motion as untimely in this appeal is

AFFIRMED.[18]

---

[18] Given the mandatory one-year limitation period in § 2255, Jones's filing a timely § 2255 motion in his related case based on the same facts, and our circuit requirements for equitable tolling, the district judge did not err in not according Jones a hearing before ruling on his § 2255 motion. <u>See</u> <u>In re Boshears</u>, 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief'" (quoting 28 U.S.C. § 2255)). Moreover, Jones did not raise the issue that the statutory limitation period was equitably tolled until his § 2255 motion had been denied.