[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10561
Non-Argument Calendar

_____

D. C. Docket No. 07-00016-CV-T-26-MSS & 05-00297-CR-T-2

SANTOS RODRIGUEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 22, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Santos Rodriguez, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, as time-barred. Rodriguez argues on appeal that his § 2255 motion was timely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on 28 U.S.C. § 2255 actions. See 28 U.S.C. § 2255 ¶ 6. The AEDPA establishes that the statute of limitations shall run from the latest of four triggering events, one of which is the date on which the judgment of conviction becomes final. See id.

We review a district court's determination that a motion to vacate is time-barred de novo. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002). Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991).

Rodriguez was sentenced on December 9, 2005, and his conviction became final ten days later, when he failed to file a direct appeal. However, because intermediate weekends and legal holidays are excluded when computing the ten-day period within which a criminal defendant may appeal a judgment, Rodriguez had until December 23, 2005, to file his direct appeal. Therefore, Rodriguez had until December 23, 2006, to file his § 2255 motion. See Moore v. Campbell, 344

F.3d 1313, 1319-20 (11th Cir. 2003) (holding that Fed.R.Civ.P. 6(a), which states that in computing time limitations "the day of the act, event, or default from which the designated period of time begins to run shall not be included," applies to petitioners whose convictions became final after the enactment of the AEDPA). And, because December 23, 2006, fell on a Saturday, and because the following Monday was Christmas Day (a legal holiday), Rodriguez had until December 26, 2006, to timely file his § 2255 motion. Because the mailbox rule applies, and Rodriguez signed his § 2255 motion on December 26, 2006, he should be deemed to have filed the motion on December 26, 2006. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, it appears that Rodriguez did in fact file his § 2255 motion to vacate within the one-year statute of limitations and that the district court erred when it determined that he had not.

**REVERSED and REMANDED**.