[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15804
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-22822-MGC; 1:06-cr-20782-MGC-1

BERNARD LUCAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Bernard Lucas, a federal prisoner proceeding through counsel, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence as

untimely.  For the reasons set forth below, we affirm the denial of Lucas's § 2255 motion.

## I.

On July 28, 2011, Lucas, who is serving a 188-month sentence after pleading guilty to possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a), signed a *pro se* § 2255 motion to vacate his sentence.  Lucas claimed, *inter alia*, that his trial counsel provided ineffective assistance by disregarding Lucas's instruction to timely file a notice of appeal of his criminal judgment.  The court appointed counsel for Lucas and scheduled an evidentiary hearing before a magistrate judge.

At the evidentiary hearing, Lucas testified that, at sentencing in 2007, he told his trial counsel, Miguel Caridad, that he wanted to appeal.  Caridad informed Lucas that he had waived his rights and that Lucas could not do anything.  Because of Caridad's statement, Lucas believed that he could do nothing more, and thus, he "just left it at that."  Four or five days after sentencing, Lucas called Caridad's cell phone and asked Caridad whether they could do anything.  Caridad again informed Lucas that he had waived his rights and that they could do nothing else.  Lucas testified that, in 2011, he took a legal research class in prison and discovered that he had a right to appeal.  Lucas filed his motion with the court within a year of his discovery of his right to appeal.  The transcript of Lucas's sentencing hearing

2

showed that, after the court sentenced Lucas, it informed him that he had a right to appeal the sentence imposed and that any notice must be filed within ten days after the entry of judgment.

The magistrate determined that Lucas had until June 7, 2008, to timely file his motion to vacate his sentence. Because his motion was filed in 2011, his motion was untimely. The magistrate determined that equitable tolling was not warranted because Lucas was not diligent in pursuing his claim concerning his ineffective-assistance claim regarding a direct appeal ("claim 1"). Lucas also had not shown that extraordinary circumstances beyond his control precluded him from filing a timely motion to vacate. Thus, the magistrate recommended that Lucas's motion to vacate be denied as untimely.

Over Lucas's objections, the district court agreed with the magistrate that equitable tolling was inappropriate. The court determined that, although serious attorney misconduct may constitute an extraordinary circumstance justifying equitable tolling, Caridad's actions did not constitute such. Additionally, even assuming that Caridad gave Lucas incorrect advice about his right to file a direct appeal, this did not prevent Lucas from timely filing a § 2255 motion. The court also determined that Lucas's failure to timely file a § 2255 motion due to Caridad's erroneous advice was avoidable with due diligence. Moreover, the district court had informed Lucas of his right to appeal at the sentencing hearing, and after

3

receiving inconsistent information from Caridad, Lucas only asked Caridad about his right to appeal twice.  Accordingly, the court denied Lucas's motion to vacate his sentence.  The court granted a certificate of appealability ("COA") as to "claim 1 (as numbered in [the magistrate's] Report)."

## II.

On appeal, Lucas argues that the district court erred in failing to find that equitable tolling applied, such that his § 2255 motion was timely filed.  He asserts that Caridad's erroneous advice—that Lucas had no right to file a direct appeal—is an exceptional circumstance warranting equitable tolling.  Lucas also argues that the court erred in finding that he failed to act with due diligence.  Lucas asserts that his motion is timely because he filed it within one year of discovering that Caridad had misadvised him concerning his right to directly appeal, and the time before that discovery should be tolled.  Alternatively, Lucas argues that the Suspension Clause provides an additional constitutional basis for allowing the tolling of his motion and cites *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 1001 (2012), in support.

We review a district court's denial of equitable tolling *de novo* and its factual determinations for clear error.  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).  We assume that the COA encompasses any procedural claim that must be addressed on appeal before addressing the merits of a

4

constitutional claim. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

A prisoner whose conviction is final, but believes that his sentence was imposed in violation of the Constitution or federal law, may seek relief from his sentence by filing a motion under § 2255 with the court that imposed his sentence. 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events, including, under § 2255(f)(1), "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). *Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions. *Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007).

If a prisoner attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.), *cert. denied*, 132 S. Ct. 158 (2011).[1] Equitable tolling is a rare and extraordinary remedy. *Id.* at 1271. A court's equitable powers must be exercised on a case-by-case basis. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010). Equitable tolling

---

[1] Cases addressing equitable tolling of the statute of limitations under 28 U.S.C. § 2244 pertaining to habeas petitions are "equally valid" with respect to § 2255 cases. *Jones v. United States*, 304 F.3d 1035, 1037 n.4 (11th Cir. 2002).

is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Id.* at ___, 130 S. Ct. at 2562. Equitable tolling is available only where a movant untimely files his motion due to extraordinary circumstances that are beyond his control. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). There must be a causal connection between the alleged extraordinary circumstances and the late filing of the motion. *San Martin*, 633 F.3d at 1267.

The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted). In *Holland*, the Supreme Court determined that Holland was reasonably diligent in pursuing his rights for the purposes of equitable tolling where (1) he wrote his attorney numerous letters seeking crucial information and providing direction to his attorney concerning Holland's post-conviction remedies; (2) Holland contacted the state courts, their clerks, and the state bar association in an effort to have his attorney, who was impeding Holland's pursuit of his legal remedies, removed from his case; and (3) the very day that Holland discovered the limitations period had expired due to his attorney's failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the court. *See Holland*, 560 U.S. at ___, 130 S. Ct. at 2555-59, 2565.

6

Lucas does not dispute the district court's determination that his § 2255 motion was untimely, and the only issue on appeal is whether Lucas is entitled to equitable tolling of the limitations period under § 2255(f)(1).[2]   Equitable tolling of that limitations period is not proper because Lucas has not shown that an extraordinary circumstance prevented him from timely exercising his right to file a § 2255 motion, as opposed to his right to file a direct appeal. *See id.* at ___, 130 S. Ct. at 2562.  Caridad did not provide any erroneous advice about Lucas's right to file a § 2255 motion.  Although Caridad may have incorrectly advised Lucas about his right to directly appeal, he has not shown a causal connection between the alleged extraordinary circumstance and the late filing of his § 2255 motion. *See San Martin*, 633 F.3d at 1267.

Further, even assuming, *arguendo*, that Lucas was able to show that Caridad's possible misadvice constituted an extraordinary circumstance that prevented Lucas both from filing a direct appeal and a timely § 2255 motion, Lucas failed to show that he was reasonably diligent in pursuing his rights. Although Caridad may have misadvised Lucas after sentencing about his right to file a direct appeal, there is no dispute that the district court correctly informed Lucas at sentencing that he did have a right to appeal his sentence.  After receiving

---

[2]   Lucas does not argue on appeal that any other limitations period under § 2255(f) is relevant to his case.

this contrary advice, Lucas only sought to reconcile Caridad's and the court's contrary statements once more, four or five days after sentencing, and then did not pursue the matter further until Lucas filed his untimely § 2255 motion in 2011. Lucas's actions fall far short of what the Supreme Court found to constitute reasonable diligence in *Holland. See Holland*, 560 U.S. at ___, 130 S. Ct. at 2565. Thus, Lucas was not reasonably diligent in pursuing his rights.

Lucas further argues that he is entitled to equitable tolling based on the Suspension Clause and cites our decision in *Gilbert* in support. The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. In *Gilbert*, we addressed whether the savings clause in 28 U.S.C. § 2255(e)—providing that a federal prisoner only can file a 28 U.S.C. § 2241 habeas petition where a § 2255 motion is inadequate— permits a federal prisoner to challenge his sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the bar against second and successive motions. 640 F.3d at 1295, 1305-06. We determined that the savings clause does not authorize a federal prisoner to bring certain claims, which would otherwise be barred by § 2255(h), in a § 2241 petition and that the restrictions in § 2255(h) do not violate the Suspension Clause. *Id.* at 1317, 1323. *Gilbert* is not on point to the issue in this case relating to equitable tolling. In any

8

event, we previously have rejected a § 2255 movant's argument that the denial of

equitable tolling constituted an unconstitutional suspension of the writ of habeas

corpus.  *See Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

For the foregoing reasons, we affirm the denial of Lucas's § 2255 motion.

**AFFIRMED.**

9