[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10382
Non-Argument Calendar
_____

D.C. Docket Nos. 8:18-cv-00014-JSM-TGW; 8:13-cr-00473-JSM-TGW-1

JIMMY LEE LANIER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Jimmy Lanier pleaded guilty to two felonies[1] without a plea agreement. Lanier then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court dismissed as untimely.  Lanier now appeals, representing himself pro se.  He argues that the district court erred in dismissing his motion as untimely because first, he filed the motion within one year of discovering the facts supporting his claim, and second, equitable tolling applies.[2]  We disagree and affirm.

In his § 2255 motion Lanier asserted that his attorney, Mark O'Brien, informed Lanier that O'Brien had secured a plea deal.  Under this alleged deal, in exchange for his guilty plea, Lanier would receive five years' imprisonment and an additional downward departure for substantially assisting the government after his plea under Federal Rule of Criminal Procedure 35(b).  Two years later, Lanier filed a motion to compel the government to make the Rule 35 motion that he believed he was entitled to under the plea agreement.  In response, the government informed Lanier that he did not enter into a plea agreement.  Lanier argues that it was only then that he discovered O'Brien fabricated the plea agreement.  Lanier then filed a

---

[1] Lanier pleaded guilty to conspiracy with intent to distribute five kilograms or more of cocaine under 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(a) and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A).

[2] A member of this Court granted Lanier a Certificate of Appealability on both questions.

2

§ 2255 motion, asserting claims for ineffective assistance of counsel and involuntary plea stemming from O'Brien's alleged deception.

## I.

We review de novo a district court's determination that a § 2255 motion was untimely. *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002). But we review the district court's determination of the relevant facts for clear error. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). We will affirm the district court's findings of fact unless the record lacks substantial evidence to support them. *Id.* Because Lanier is proceeding pro se, we liberally construe his pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

There is a one-year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f). As relevant to this appeal, the limitations period beings to run on the later of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at §§ 2255(f)(1), (4). Under the first prong, when a federal prisoner does not appeal his conviction or sentence, the judgment of conviction is final when the time for filing a notice of appeal expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). A defendant generally has 14 days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A).

3

Lanier argues that the latter prong, § 2255(f)(4), controls.  That provision causes the limitations period to run from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." Under § 2255(f)(4), "the district court should first consider whether the petitioner exercised due diligence."  *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002).  If the petitioner did exercise due diligence, the limitation period begins to run on the date he actually discovered the relevant facts.  *Id.*  If the petitioner did exercise due diligence, a court is required to speculate about the date on which the relevant facts could have been discovered.  *Id.* at 711 n.1.

The due diligence standard requires that a prisoner make "reasonable efforts" to discover the factual predicate of his claim.  *Id.* at 712.  In *Aron v. United States*, we held that, for purposes of an evidentiary hearing under § 2255, the defendant exercised due diligence.  291 F.3d at 714–15.  Aron alleged that he "made 'numerous and persistent efforts' to obtain his appellate documents from his attorney."  *Id.* at 713.  The record indicated that Aron "contacted the court twice" and "made further attempts to contact his attorney directly, but without success." *Id.* at 714.

The district court correctly found that Lanier's sentence was final on November 3, 2015—14 days after the judgment of conviction on October 20, 2015. If the first prong applies, the last day to file a § 2255 motion was November 3,

2016.  Lanier filed his motion on December 28, 2017.  The district court ordered

Lanier to show cause why his motion should not be dismissed as untimely.  Lanier

responded that, following his conviction, his trial counsel advised him not to file a

§ 2255 motion, but to wait for the government to file a Federal Rule of Criminal

Procedure 35 motion.  According to Lanier, his counsel told him that any attempt

to appeal would void his plea agreement, and that he should wait until the one-year

statute of limitations expired to file a § 2255 motion.  The district court determined

that Lanier did not exercise due diligence.  The court reasoned that although "the

alleged conduct by trial counsel in fabricating a plea agreement constitutes

egregious attorney misconduct if true," Lanier "waited more than two years before

inquiring about the Rule 35 motion."  And Lanier did not allege that his attorney

"continually told him to withhold filing a § 2255 motion or inquiring about the

Rule 35 motion."

The district court's due diligence finding is not clearly erroneous.[3]  Even if

Lanier's attorney told him to wait until the statute of limitations period expired in

November 2016, Lanier does not point to any effort to discover the relevant facts

until November 2017.  During this time, Lanier could have discovered with

---

[3] The district court did not expressly consider § 2255(f)(4), but the court considered whether
Lanier acted with due diligence in deciding whether to equitably toll the statute of limitations.
*See* Section II, *infra*.  The court also expressly considered when, with due diligence, Lanier could
have discovered the government was not planning to file a Rule 35 motion.  These factual
findings are sufficient to support Lanier's lack of due diligence under § 2255(f)(4).

reasonable diligence that the government was not planning to file a Rule 35 motion. Lanier did not, for example, contact his attorney or the court about the Rule 35 motion, or about the effect of a § 2255 motion on any future Rule 35 motion or his apparent plea agreement. Lanier did not attempt to request from either his attorney or the court any documents related to his plea agreement until over a year after the statute of limitations expired. And by the time the statute of limitations expired, Lanier was no longer assisting the government. Given Lanier's complete inaction during that period, the district court did not clearly err in determining that he failed to act with due diligence.

## II.

The district court equitably tolled the statute of limitations to account for Lanier's assertion that his attorney instructed him to wait to file his motion until after the statute of limitations expired. But the district court concluded that Lanier's motion was nonetheless untimely because Lanier failed to exercise due diligence after the statute of limitations expired. We review de novo the district court's decision on equitable tolling. *Jones*, 304 F.3d at 1037. A determination of whether a party exercised due diligence is reviewed for clear error. *San Martin*, 633 F.3d at 1265.

The limitations period under § 2255 may be equitably tolled where the "movant untimely files because of extraordinary circumstances that are both

beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). The movant bears the burden of establishing his entitlement to equitable tolling. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). To be entitled to equitable tolling, a petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

First, Lanier argues that the district court erred in applying equitable tolling because the court incorrectly construed his attorney's deceit as the "extraordinary circumstance" that justified equitable tolling. Instead, Lanier argues that the government's failure to move for a substantial assistance reduction Rule 35 constitutes an "extraordinary circumstance." We disagree. The government has the power, but not a duty, to file a substantial assistance motion. *United States v. Dorsey*, 554 F.3d 958, 960 (11th Cir. 2009). The prosecutorial discretion to refuse to file a substantial assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's race or religion, or is not rationally related to any legitimate government end. *Wade v. United States*, 504

7

U.S. 181, 185–86 (1992) (discussing motions under U.S.S.G. § 5K1.1); *see United States v. McNeese*, 547 F.3d 1307, 1309 (11th Cir. 2008) (extending *Wade* to Rule 35(b) motions).  The government's failure to exercise its Rule 35 discretion, especially in absence of even an allegation of improper motive, does not amount to an extraordinary circumstance.

Second, as discussed above, the district court's due diligence finding was not clearly erroneous.  Although Lanier alleged in his § 2255 motion that his counsel advised him not to file a § 2255 motion for one year, he did not allege that his counsel gave him similar advice about a motion to compel the government to move for a sentence reduction under Rule 35.

The district court properly determined that Lanier's § 2255 was untimely, and we affirm.

**AFFIRMED.**