[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15181
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22875-JAL; 1:08-cr-20214-JAL-1

JOEL FIGUERAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 6, 2020)

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In 2008, Joel Figueras pleaded guilty to conspiring to commit Hobbs Act

robbery, in violation of 18 U.S.C. § 1915(a), and carrying a firearm during a crime

of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Figueras was sentenced to a total of 160 months imprisonment—76 months for the conspiracy and 84 months for carrying the firearm, to be served consecutively.

In 2016, Figueras moved, under 28 U.S.C. § 2255, to vacate his § 924(c) firearm conviction because: (1) the underlying Hobbs Act conspiracy conviction did not qualify as a crime of violence under the elements clause of § 924(c); and (2) the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidated the residual clause of § 924(c).  The government responded that Figueras's claim was procedurally barred because he did not raise the crime-of-violence issue earlier and the § 924(c) residual clause was not unconstitutionally vague.  The magistrate judge issued a report recommending that Figueras's § 2255 motion be denied because: (1) it was time-barred under § 2255(f)(3)[1] given that the envelope the motion came in was stamped two days after the one-year deadline for filing post-conviction claims based on Johnson; and (2) in any event, his conspiracy conviction was a crime of violence.  The district court adopted the magistrate judge's report and denied Figueras a certificate of appealability.

---

[1] Subsection 2255(f)(3) provides that "[a] 1-year period of limitation shall apply to a motion under this section" and "[t]he limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review."

Figueras appealed, and we granted a certificate of appealability on two issues: (1) "[w]hether Figueras's pro se 28 U.S.C. § 2255 motion to vacate was timely filed under the prison mailbox rule"; and (2) "[i]f Figueras's § 2255 motion was timely, whether his 18 U.S.C. § 924(c) conviction remains valid, in light of Davis v. United States, 139 S. Ct. 2319 (2019)." On appeal, Figueras argues that his motion was timely filed and that his § 924(c) conviction is invalid because it was based on his conviction for Hobbs Act conspiracy, which is not a crime of violence under our case law. The government, in response, waives the timeliness issue and concedes that the § 924(c) conviction is invalid because Hobbs Act conspiracy is not a crime of violence.

In reviewing a district court's denial of a § 2255 motion, we review de novo the court's legal conclusions and its factual findings for clear error. Brown v. United States, 942 F.3d 1069, 1072 (11th Cir. 2019). We also review de novo a district court's determination that a § 2255 motion is time-barred. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002). But we are "not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense." See Wood v. Milyard, 566 U.S. 463, 466 (2012) (addressing a 28 U.S.C. § 2254 petition).

Under § 924(c), a person who possesses a firearm during and in relation to a crime of violence is subject to an additional and consecutive term of imprisonment. 18 U.S.C. § 924(c)(1). Subsection 924(c)(3) defines a "crime of violence" as

3

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

We refer to subsection (A) as the elements clause and subsection (B) as the residual clause. Brown, 942 F.3d at 1069.

In Davis, the Supreme Court held that the § 924(c) residual clause was unconstitutionally vague. 139 S. Ct. at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."). We have held that Davis announced a new rule of constitutional law that applies retroactively to cases, like Figueras's, on collateral review. In re Hammoud, 931 F.3d 1032, 1037–39 (11th Cir. 2019). And, in Brown, we held that Hobbs Act conspiracy did not qualify as a crime of violence under the elements clause. 942 F.3d at 1075 ("So like our sister Circuits, we conclude that conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence,' as defined by § 924(c)(3)(A).").

Here, the government has expressly waived the timeliness defense, so we are not at liberty to decide whether Figueras's motion was untimely. The government also concedes that Hobbs Act conspiracy is not a crime of violence under § 924(c). After Brown, we agree. Because Figueras's § 924(c) conviction was based on his Hobbs Act conspiracy conviction, and Hobbs Act conspiracy is not a crime of

violence, we reverse the district court's denial of his § 2255 motion and remand for resentencing.

**REVERSED AND REMANDED.**