**In re William BOSHEARS, Petitioner.**

**No. 97–1075.**

United States Court of Appeals, Eleventh Circuit.

April 10, 1997.

William Boshears, Punta Gorda, FL, Pro Se.

Robert A. Butterworth, Atty. General, Tallahassee, FL, for Appellee/Respondent.

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

BY THE PANEL:

William Boshears, who is currently serving a life sentence as a result of his 1978 conviction in a Florida circuit court for sexual battery on a child, has filed an application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996. Boshears seeks leave to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on two grounds, neither of which was raised in his first petition: (1) the State failed to disclose to the defense at trial a police report containing an exculpatory statement made by the doctor who examined the alleged victim, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and (2) he has newly discovered evidence proving that he could not have committed the crime.

Under the Act, a second habeas petition containing new claims must be dismissed unless the petition is based either on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or on newly discovered facts. 28 U.S.C. § 2244(b)(2). Because neither of Boshears' claims is based on a new constitutional rule,

his application must be denied unless his claims satisfy the requirement for claims based on newly discovered facts. A second habeas petition based on newly discovered facts must be dismissed unless both

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to·establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). Finding that neither of his claims satisfies this test, we must deny Boshears' application. We address his claims in turn.

### I.

Boshears' first claim alleges that the state withheld a police report detailing an interview between a police investigator and Dr. Mark Wayne Morris, a physician who examined the victim. According to this report, Dr. Morris told the investigator that "the sexual offense as related to him involved no penetration of the sexual organ and his examination found no evidence of trauma that would indicate damage to the vagina." Boshears further alleges that, in its answer to his demand for discovery, the State intentionally listed "Dr. Welty" as the examining physician, even though Dr. Morris, and not Dr. Welty, actually examined the victim.

Boshears argues that these allegations make out a *Brady* violation. Although they might amount to a *Brady* violation, they cannot form the basis for a second habeas petition because they fail both prongs of the § 2244(b)(2)(B) test. Although an application must be denied if it fails to meet either prong, for the sake of completeness, we will analyze his first claim under both prongs. *See Felker v. Turpin*, 101 F.3d 657, 662 (11th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 451, 136 L.Ed.2d 346 (1996).

### A.

██ First, Boshears fails to demonstrate that the facts underlying these allegations could not have been discovered through due diligence, as required by § 2244(b)(2)(B)(ii).

This prong means that an applicant seeking permission to file a second or successive habeas motion must show some good reason why he or she was unable to discover the facts supporting the motion before filing the first habeas motion. *See Felker*, 101 F.3d at 662 (denying application because applicant "has not suggested any reason why [the means for discovering the facts underlying the application] would not have been just as available before he filed his first habeas petition as it was after he had unsuccessfully litigated that petition").

██ An application that merely alleges that the applicant did not actually know the facts underlying his or her claim does not pass this test. Criminal defendants are presumed to have conducted a reasonable investigation of all facts surrounding their prosecution. *See McCleskey v. Zant*, 499 U.S. 467, 498, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991) (recognizing "the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition"). Thus, in evaluating an application under § 2244(b)(2)(B)(i), we inquire whether a reasonable investigation undertaken before the initial habeas motion was litigated would have uncovered the facts the applicant alleges are "newly discovered." *Cf. Felker v. Turpin*, 83 F.3d 1303, 1306 (11th Cir.) (holding that case establishing new constitutional rule made retroactive to cases on collateral review by the Supreme Court was not "previously unavailable" under § 2244(b)(2)(A) because case was decided day before previous petition was filed), *cert. granted*, —— U.S. ——, 116 S.Ct. 1588, 134 L.Ed.2d 685, *and cert. dismissed*, —— U.S. ——, 116 S.Ct.·2333, 135 L.Ed.2d 827 (1996).

██ Boshears was convicted in September 1978, but he claims that he did not discover these facts until he hired a private investigator in the mid–1980s. He argues that he did not discover the police report earlier because the State withheld the report and listed the wrong examining physician in its answer to his discovery requests. While his arguments do suggest that he and his counsel lacked actual knowledge of the facts underlying his *Brady* claim, Boshears fails to explain why a

reasonable investigation would not have uncovered these facts.

To the contrary, two critical facts admitted by Boshears contradict his claim that "a diligent effort would not have produced the police report or its contents." First, the telephone log in the public defender's office shows that contact was made with Dr. Morris just three days before trial. Boshears offers no explanation for this fact other than "the fact that [his attorney in the public defender's office] couldn't swear that he personally spoke with Dr. Morris." Second, the application states that Boshears' defense attorney admits to having "made a conscious decision not to use Dr. Morris as a witness because it was [the attorney's] distinct recollection that Dr. Morris did not want to come to Gainesville for this case."

These two facts strongly suggest that Boshears' attorney had an opportunity to question Dr. Morris about his involvement in the case and any examination he may have performed. Boshears offers no reason to believe that Dr. Morris would not have stated that he examined the victim personally or that Dr. Morris would not have made the same statement to Boshears' attorney that he made in the police report. A few simple questions should have elicited the very facts Boshears claims are "newly discovered."

Moreover, Boshears gives no indication as to whether he or his attorney contacted Dr. Welty. He has offered no reason for us to believe that Dr. Welty would not have alerted Boshears that another doctor had performed the examination. A diligent investigation would certainly have included some contact with Dr. Welty, which in turn would likely have alerted Boshears of the need for further investigation. In short, the factual predicate for his first claim could have been discovered through the exercise of due diligence.

### B.

■ Even if we were to find that Boshears' *Brady* claim satisfied the first prong of § 2244(b)(2)(B), he would still be prohibited from raising this claim in a new habeas petition because the claim fails the second prong. Section 2244(b)(2)(B)(ii) requires that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Our inquiry essentially has three steps. First, we must identify "the facts underlying the [applicant's] claim" and accept them as true for purposes of evaluating the application.[1] We next must decide whether these facts establish a constitutional error. Finally, we evaluate these facts in light of the evidence as a whole to determine whether, had the applicant known these facts at the time of his or her trial, the application clearly proves that the applicant could not have been convicted. In other words, the application must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (establishing this standard for evaluating a habeas challenge to the sufficiency of the evidence). This is a very difficult standard to meet.

Boshears' *Brady* claim alleges that the State withheld exculpatory information from him despite his request for discovery. Boshears alleges that the State withheld (1) the identity of Dr. Morris as the examining physician and (2) the police report containing Dr. Morris' statement. We therefore assume both that Dr. Morris, and not Dr. Welty, examined the victim and that the police report contained a statement by an investigator

---

1. Of course, if we were to grant the application, the applicant still would have to prove these facts when litigating the habeas petition in the district court.

   If the record before us conclusively forecloses the existence of the facts underlying the applicant's claim, however, it would be futile for us to accept them as true in evaluating the application.

Granting the application in such a case would be a mere formality because the district court would dismiss the successive petition as soon as it read the record. *Cf.* 28 U.S.C. § 2255 (hearing and findings of fact not required for § 2255 motion where "the files and records of the case conclusively show that the prisoner is entitled to no relief").

that Dr. Morris told the investigator that "the sexual offense as related to him involved no penetration of the sexual organ and his examination found no evidence of trauma that would indicate damage to the vagina." For purposes of this opinion, we also will assume that this withheld information is sufficiently exculpatory to establish a constitutional violation under *Brady*.[2]

Thus, we move on to the final step of our analysis and determine whether the factfinder at Boshears' trial clearly would have found him not guilty if Boshears had known of the police report at the time of his trial. The identity of Dr. Morris, as opposed to Dr. Welty, as the examining physician has no independent relevance to Boshears' guilt other than to qualify Dr. Morris as a potential witness.[3] We begin with Dr. Morris' statement quoted in the police report. We first note that because he did not make the statement while testifying in Boshears' trial, the statement is inadmissible as hearsay.[4] *See* Fed.R.Evid. 801, 802. Because this statement would have been inadmissible at trial, the factfinder would not have had the opportunity to consider it.

Although he has apparently hired a private investigator to investigate his case, Boshears does not state in his application whether he has contacted Dr. Morris or what Dr. Morris would have said if called to testify. The only indication that Dr. Morris would have offered exculpatory information is the statement made in the police report. Even if we were to overlook the hearsay problems and assume Dr. Morris would have repeated this statement at trial, Dr. Morris' statement is of little help to Boshears because it is ambiguous. The statement has two possible meanings: (1) there was no penetration of the victim's vagina by *Boshears'* "sex organ," or (2) there was no penetration of the *victim's* "sex organ" at all.

This ambiguity is fatal to Boshears' application because, at trial, the victim testified that Boshears had placed his fingers in her vagina. Dr. Morris' statement is exculpatory only if the second interpretation is accepted. The first interpretation is perfectly consistent with the victim's testimony. We have little doubt that a rational factfinder presented with the first interpretation, along with the other evidence presented at trial, could find all the essential elements of the crime beyond a reasonable doubt and thus find Boshears guilty of sexual battery on a child.[5] If the factfinder were presented with the second interpretation, we concede that it might reach a different verdict.[6]

Although an affidavit from Dr. Morris could have gone a long way toward resolving this ambiguity, Boshears offers none. In fact, he gives no reason for us to favor one interpretation over the other. All he offers in his application is an ambiguous statement that constitutes inadmissible hearsay. This

2. For the reasons we outline below in finding that § 2244(b)(2)(B)(ii) is not satisfied, the actual validity of his *Brady* claim is far from clear.

3. Boshears makes no indication that the State presented Dr. Welty to the factfinder as the examining physician or that Dr. Welty even testified at all.

4. Actually, Dr. Morris' statement, as reported in the police report, is hearsay within hearsay because the report itself is a statement by the investigating officer, who apparently did not testify at Boshears' trial. *See* Fed.R.Evid. 805. We will give the applicant the benefit of the doubt and assume for present purposes that had Boshears known of the report, he would have called the investigator to testify and the investigator would have testified that Dr. Morris made the statement. Dr. Morris' statement would still be inadmissible as hearsay, even with this assumption.

5. Boshears does not argue that Florida's sexual battery statute requires penetration by the defendant's penis, as opposed to by his fingers.

6. Whether even this second interpretation of Dr. Morris' statement would satisfy § 2244(b)(2)(B)(ii)'s "clear and convincing evidence" standard is open to considerable doubt. Because we are instructed to view the record as a whole, we would still have to consider the probative value of the victim's testimony, which flatly contradicts the second interpretation of Dr. Morris' conclusion.

Because the issue boils down to a credibility determination, it is very possible that Boshears could not carry his burden even under the interpretation most favorable to him. For Boshears to prevail, he would have to convince us that no rational factfinder would have believed the victim's testimony in light of Dr. Morris' findings. As resolution of this question is unnecessary to this case, we refrain from offering a definitive answer.

is simply not enough to overcome the strict evidentiary standard outlined in § 2244(b)(2)(B)(ii). Boshears' *Brady* claim thus fails both prongs of § 2244(b)(2)(B), and we must therefore deny him leave to file a second habeas motion based on this claim.

## II.

As his second claim, Boshears also alleges that he has "newly discovered evidence" showing that two of the State's witnesses gave false testimony at his trial. He alleges that he has evidence that certain witnesses committed perjury in testifying that they saw him in Gainesville, Florida, at the time of the crime. Specifically, he claims to have proof that these witnesses were in St. Petersburg, Florida, and not Gainesville, at the time of the crime. He further offers to prove that he too was in St. Petersburg at the time of the crime and therefore could not have committed sexual battery on the victim in Gainesville.

While these facts, if proven, might satisfy the second prong of § 2244(b)(2)(B), this claim is barred by the first prong. A review of Boshears' claim shows that all the evidence he would now offer to prove his innocence was readily available to him when he litigated his first habeas petition. In fact, in his initial federal habeas petition, he claimed that he was denied effective assistance of counsel based on his attorney's failure to undertake a pretrial investigation that would have uncovered this evidence which "was available and should have been and would have been discovered had [Boshears' defense] counsel simply looked or inquired."[7] He admits that this evidence could have been discovered through the exercise of due diligence. Thus, leave to file a second habeas motion based on this claim must be denied pursuant to § 2244(b)(2)(B)(i).

## III.

For the foregoing reasons, Boshears' application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b) is DENIED.

---

7. To the extent Boshears' instant application can be construed to seek permission to relitigate his claim for ineffective assistance of counsel, it must be denied under 28 U.S.C. § 2244(b)(1).