[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15995
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-01736-CV-TWT-1

LAYON DEAN JEREMIAH,

Petitioner-Appellant,

versus

WILLIAM TERRY,
In His Official Capacity as Warden of
Macon State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 8, 2009)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Layon Dean Jeremiah, a counseled state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as second or successive. After review, we affirm.

## I. BACKGROUND

In 1999, Jeremiah was tried in Georgia state court on charges of kidnapping, rape, battery, three counts of aggravated assault, two counts of possession of a firearm during the commission of a felony and fleeing or attempting to elude a police officer. According to the evidence presented at trial, Jeremiah's wife, Lisa, went to a hospital for treatment of injuries to her face and bruises on her body. Jeremiah v. State, 250 Ga. App. 397, 397, 551 S.E. 2d 819, 822 (2001). Lisa told her mother, Myrna Daniel, and then a police officer that Jeremiah had beaten and sexually assaulted her. Id. Police took statements from Lisa and her mother and charged Jeremiah with rape, battery and aggravated assault. Id. at 397-98, 551 S.E. 2d at 822. However, Jeremiah was not taken into custody that day. Id. at 398, 551 S.E. 2d at 822.

The next day, the mother, Daniel, placed a 911 call and reported that Jeremiah had entered her house with a shotgun, held it to Daniel's head and forced Lisa to leave with him. Id. Daniel gave a written statement to a responding police

officer that Jeremiah had forced Lisa from the home. Id. Later that evening, law enforcement observed Jeremiah and Lisa drive up to his home and secured Lisa as she exited the car. Id. Jeremiah fled in the car and was apprehended after he wrecked the car and was chased down on foot. Id.

After Jeremiah was arrested, Daniel and Lisa recanted their statements to police. Id. At trial, Lisa refused to testify, asserting Fifth Amendment and marital privileges. Id. The trial court also granted Jeremiah's motion in limine and excluded Lisa's pre-trial statements. Id. Daniel testified that her pre-trial statements were false "and that she had been trying to break up [Jeremiah's] relationship with her daughter." Id. at 399, 551 S.E 2d at 823. The jury convicted Jeremiah of kidnapping, battery, two counts of aggravated assault, fleeing or attempting to elude an officer and possession of a firearm during the commission of a felony, but acquitted Jeremiah of rape, aggravated sodomy and one count of aggravated assault. Id. at 397, 551 S.E. 2d at 821-22.

With the exception of the battery conviction, Jeremiah's convictions were affirmed on direct appeal. Id. at 397, 551 S.E. 2d at 822. In 2002, Jeremiah filed a state habeas petition challenging his convictions, which was denied. On October 31, 2005, Jeremiah filed his first federal habeas petition, pursuant to 28 U.S.C. § 2254, which was also denied. Both this Court and the district court denied

3

Jeremiah's request for a certificate of appealability ("COA"). In July 2007, Jeremiah filed a motion for a new trial in the state trial court, arguing that newly discovered evidence – the recantations of his wife and mother-in-law – showed he was actually innocent. The state trial court denied the motion for a new trial without holding a hearing.

On December 27, 2007, Jeremiah filed with this Court a request for permission to file a successive § 2254 petition. Jeremiah's request sought to assert, inter alia, a claim of actual innocence based on the "new discovered evidence," namely affidavits from his wife and mother-in-law stating that his wife was not kidnapped and that his mother-in-law gave a fabricated statement to the police. This Court denied Jeremiah's request to file a successive § 2254 petition. In re Jeremiah, No 07-15992 (11th Cir. Jan. 18, 2008).

Nonetheless, on May 18, 2008, Jeremiah filed the instant § 2254 petition in the district court asserting a claim of actual innocence. Citing Panetti v. Quarterman, 551 U.S. 930, 127 S. Ct. 2842 (2007), Jeremiah argued that he did not need this Court's permission to file his second § 2254 petition because his actual innocence claim was based on newly discovered evidence. Attached to the second § 2254 petition were affidavits from his wife Lisa and her mother, Daniel. Lisa averred that she had not been kidnapped and that she did not testify at trial because

she asserted spousal immunity. Daniel averred that she called police and falsely told them that Jeremiah had kidnapped his wife and that she had testified at trial that her statements to police were false.

Over Jeremiah's objection, the district court adopted the magistrate judge's recommendation finding that the district court lacked jurisdiction because Jeremiah had not obtained permission to file a second § 2254 petition. The district court dismissed Jeremiah's § 2254 petition without prejudice to his right to seek permission with this Court to file a successive habeas petition. The district court granted Jeremiah's request for a COA on the issue of "whether the Petitioner is required to obtain permission of the Court of Appeals to file a second federal habeas corpus where he claims that newly discovered evidence establishes his actual innocence."

## II. DISCUSSION

A state prisoner may not file a second or successive petition for a writ of habeas corpus in the district court unless the prisoner has obtained permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). If a state prisoner files a second or successive § 2254 petition without this authorization, the district court is required to dismiss the petition for lack of jurisdiction "unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Sec'y,

Dep't of Corr., ___ F.3d ___, No. 09-10022, 2009 WL 296028, at * 1 (11th Cir. Feb. 9, 2009), cert. denied __ S. Ct. __, No. 08-0626 (Feb. 11, 2009).[1]

On appeal, Jeremiah acknowledges that this is his second § 2254 petition and that he did not obtain permission from this Court before filing it. However, Jeremiah argues that his claim involves newly discovered evidence of actual innocence and falls within an exception to the "second or successive" petition bar recognized by the Supreme Court in Panetti.

In Panetti, the Supreme Court concluded that "[t]he statutory bar on 'second or successive' applications does not apply to a Ford claim [of mental incompetency to be executed] brought in an application filed when the claim is first ripe." 551 U.S. at ___, 127 S. Ct. at 2855. We have rejected attempts to expand Panetti's narrow exception to "claims that can be and routinely are raised in initial habeas petitions." See Tompkins, 2009 WL 296028, at *2 (involving Gardner, Brady and Giglio claims of trial error). As we have explained, "[t]he violation of constitutional rights asserted in these kinds of claims occur, if at all, at trial or sentencing and are ripe for inclusion in a first petition." Id. Thus, Panetti does not mean "any claim based on new evidence is not 'ripe' for presentation until the evidence is discovered, even if that discovery comes years after the initial habeas

_____

[1]"We review de novo a district court's dismissal of a federal habeas petition." Melson v. Allen, 548 F.3d 993, 996 (11th Cir. 2008).

6

petition is filed." Id. Rather, claims based on "newly discovered facts about events that occurred before the filing of the first petition" must meet the statutory requirements for second or successive petitions before they can proceed. Id.

Here, Jeremiah does not raise a Ford claim of mental incompetence to be executed. Rather, Jeremiah raises a claim of actual innocence. Jeremiah contends that his claim was not ripe when he filed his first § 2254 petition because he had not obtained the new evidence demonstrating his actual innocence. However, the facts underlying Jeremiah's claim of actual innocence existed at the time he filed his first federal habeas petition. Under our precedent, such a claim does not fall within the Panetti exception. Accordingly, Jeremiah was required to seek our permission to file his successive § 2254 petition raising this claim. Jeremiah did not do so, and, thus, the district court properly dismissed his successive § 2254 petition for lack of jurisdiction.

To the extent Jeremiah now seeks permission to file a successive § 2254 petition raising his claim of actual innocence, we deny his request. This Court already denied such a request when he sought permission in December 2007. Specifically, this Court stated:

> Jeremiah asserts that his first claim relies upon newly discovered evidence, consisting of new testimony showing that he is actually innocent. Jeremiah does not allege, however, that his new evidence establishes constitutional error. See In re Boshears, 110 F.3d 1538,

1541 (11th Cir. 1997); 28 U.S.C. § 2244(b)(2)(B)(i), (ii).

In re Jeremiah, No 07-15992, slip. op. at 2 (11th Cir. Jan. 19, 2008). Furthermore, even if Jeremiah alleged that his new evidence established constitutional error, he could not make a prima facie showing that his application meets the statutory requirements for asserting such a claim in a successive application. See 28 U.S.C. § 2244(b)(2)(B)(i) (requiring that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"). Although Jeremiah contends his wife's and mother-in-law's affidavits constitute new evidence of his innocence that he could not have discovered through the exercise of due diligence, in fact, Jeremiah has known of their recantations since before his criminal trial and certainly since before the filing of his first federal habeas petition. Thus, his evidence is neither new nor newly discovered.[2]

**AFFIRMED.**

---

[2]We decline to address Jeremiah's Confrontation Clause and time-bar arguments because they are outside the scope of the COA. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).