[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2012
JOHN LEY
CLERK

No. 11-10244

D.C. Docket No. 9:06-cv-80278-DMM

EDWARD FREDERICK,

Petitioner - Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(June 4, 2012)

Before HULL and COX, Circuit Judges, and WALTER,* District Judge.

WALTER, District Judge:

_____

* Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

Appellant/petitioner, Edward Frederick ("petitioner") appeals the district court's order dismissing his federal habeas petition as untimely. For the reasons that follow, we affirm.

## I. BACKGROUND

Petitioner was convicted by a jury of five sex offenses against his underage stepdaughter. He was sentenced on October 7, 1999 and re-sentenced on August 9, 2002, receiving two life sentences, a sentence of 66 months, and two sentences of 54 months, with all sentences set to run concurrently.

Petitioner filed the instant habeas petition, pursuant to 28 U.S.C. § 2254, on March 28, 2006. Among the issues raised in his petition, and the only issue now before this Court, was a claim of "newly discovered evidence," based on an August 28, 2003 affidavit from petitioner's son, Edward Frederick III ("Eddie"). In the affidavit, Eddie maintains that he perjured himself at trial, claiming that the prosecutor allegedly instructed Eddie that his trial testimony should "support whatever [his sister, the victim] said happened."[1] As a means of supporting his sister's version of events, the affidavit states that Eddie falsely testified at trial regarding a statement allegedly made by his mother to his father, the petitioner. The substance of that false testimony, which Eddie recanted in his affidavit, was

---

[1] District Court Docket 9:06-cv-80278, Doc. # 12, p. 10, ¶ 2. ("D.E. 12, p. 10, ¶ 2").

that Eddie overheard his mother say to petitioner, "[i]f I find out you did anything more, I'm leaving you."[2]

The district court dismissed the petition as untimely, finding the petition insufficient to merit federal habeas relief as the facts at issue would not have altered the outcome of petitioner's trial. However, this Court reversed and remanded with instructions for the district court to confine its analysis to whether or not petitioner exercised due diligence in discovering the factual predicate for his claim of newly discovered evidence. *Frederick v. McNeil*, 300 Fed. App'x. 731, 734 (11th Cir. 2008). An evidentiary hearing was held solely on the issue of timeliness, and the magistrate judge issued a revised report and recommendation on May 6, 2010. The district court adopted said report, issuing a final order on September 17, 2010, dismissing the petition as untimely on the grounds that due diligence required petitioner to question the witness, Eddie, at the time of trial.

On June 6, 2011, this Court granted petitioner a Certificate of Appealability to determine whether the district court erred in dismissing the petition as time-

---

[2] D.E. 12, p. 10, ¶ 4. In the affidavit, Eddie also described a phone conversation with his sister during which she told Eddie that she planned to recant her story that the petitioner had molested her. He said that he supported his sister's version of events at trial by denying that his sister told him the recantation was the truth when, in fact, she had told him that the recantation was the truth. However, the trial transcript makes clear that Eddie was impeached at trial and subsequently testified that his sister did tell him that her recantation was true. *See* D.E. 9, Trial Transcript ("Tr.") Vol. XII, pp. 1604-06. Therefore, there is no merit to any claim that this is "newly discovered evidence."

barred under 28 U.S.C. § 2244(d)(1)(D), on the grounds that petitioner could have discovered the factual basis for his claim of newly discovered evidence at an earlier date, through the exercise of due diligence.

## II. STANDARD OF REVIEW

This court reviews *de novo* the district court's determination that a petition for federal habeas corpus relief was time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## III. DISCUSSION

Pursuant to the AEDPA, a one-year limitations period applies to the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of the following events, in pertinent part: (A) the date on which a judgment becomes final, calculated from the conclusion of direct review or from the expiration of the time allowed to seek such review; or (D) the date on which, as a result of exercising due diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. *See* 28 U.S.C. § 2244(d)(1)(A) and (D); *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002).

Petitioner maintains that, under 28 U.S.C. § 2244(d)(1)(D), the dispositive

4

date is August 28, 2003, the date on which petitioner was provided Eddie's affidavit. "This limitations period begins to run on the latest of, inter alia, the date on which the factual predicate of the claim or claims presented *could* have been discovered through the exercise of due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (emphasis added) (quotation marks omitted). Thus, the only relevant inquiry is whether petitioner could have discovered the evidence at an earlier date.

Petitioner is "presumed to have conducted a reasonable investigation of all facts surrounding [his] prosecution." *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)(citing *McCleskey v. Zant*, 499 U.S. 467, 498 (1991)). Specifically, due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Aron v. United States,* 291 F.3d 708, 712 (11th Cir. 2002). Here, the "newly discovered evidence" consists of a post-trial affidavit given by a witness, petitioner's son and victim's brother, who testified regarding the instant subject-matter at trial[3] and was cross-examined.[4]

The fact that the relevant affiant testified at trial is highly significant to our

---

[3] D.E. 9, Tr. Vol. XI, pp. 1521-1541, 1542-1553; Tr. Vol. XII, pp. 1562-1618.

[4] D.E. 9, Tr. Vol. XI, pp. 1585-1609.

inquiry. Defense counsel clearly had an opportunity and a duty to exercise due diligence to reveal alleged untruths during Eddie's cross-examination. As to petitioner's allegations of prosecutorial misconduct, defense counsel could easily have inquired as to whether anyone affiliated with the prosecution had, in fact, instructed the witness regarding how he should testify. No such question was asked. Furthermore, there is no merit to petitioner's claim that the substance of Eddie's alleged false testimony is newly discovered evidence. Clearly, petitioner was in the best position to know whether a potentially fabricated conversation between himself and his wife did or did not take place. Any argument that such testimony should be regarded as newly discovered evidence is simply unavailing. *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1016-1019 (11th Cir. 2012) (concluding that evidence known to petitioner at time of trial was not "new").

Accordingly, petitioner's argument that he is entitled to the time limitations set forth in 28 U.S.C. § 2244(d)(1)(D) is unpersuasive, as there is no legitimate claim of "newly discovered evidence." Therefore, the instant petition is time-barred under the applicable standard set forth in 28 U.S.C. § 2244(d)(1)(A).[5]

---

[5] The district court properly concluded that petitioner's conviction became "final" on or about July 3, 2002, and the instant habeas petition was not filed until March 28, 2006. During that time, approximately four hundred ninety-one (491) untolled days elapsed, clearly exceeding

## IV. CONCLUSION

In conclusion, we affirm the district court's denial of Frederick's petition for writ of habeas corpus.

**AFFIRMED**.

---

AEDPA's one-year limitation.