[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11634

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUACY TOM WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:07-cr-00079-CG-N-1

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Quacy Wright, a released federal prisoner proceeding *pro se*, appeals the district court's denial of his petition for a writ of error *coram nobis*, 28 U.S.C. § 1651(a). He argues that the district court erred in finding that he failed to establish that his ineffective assistance claim was previously unavailable and failed to provide a sound reason for failing to raise the claim earlier. The government, in turn, moves for summary affirmance and to stay briefing.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c).

We review the district court's grant or denial of *coram nobis* relief under § 1651 for an abuse of discretion. *United States v. Bane*, 948 F.3d 1290, 1294 (2020). We review a district court's determination of whether a petitioner has presented sound reasons for failing to seek relief earlier for clear error. *Gonzalez v. United States*, 981 F.3d 845, 850-51 (11th Cir. 2020).

"A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation marks omitted). "For a factual finding to be clearly erroneous, this Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *Gonzalez*, 981 F.3d at 850 (quotation marks omitted). "Although review for clear error is deferential, a finding of fact must be supported by substantial evidence." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

The All Writs Act, codified at 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). For example, under § 1651(a), federal courts may issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Id.* "A court's jurisdiction over coram nobis petitions is limited to the review of errors of the most fundamental character." *Id.* (quotation marks omitted). "In addition, courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id.* at 1204.

Regarding whether no other remedy is available, "an available statutory habeas remedy precludes coram nobis relief." *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997). Regarding whether the petitioner presents sound reasons for failing to seek relief earlier, "[t]his issue requires inquiry into the circumstances surrounding the petitioner's failure to raise the issue earlier, and is similar to the inquiry about whether a federal prisoner who moves to vacate his sentence, 28 U.S.C. § 2255, could have discovered earlier, through the exercise of due diligence, the facts supporting his motion." *Gonzalez*, 981 F.3d at 850 (quotation marks and citation omitted); *see also* 28 U.S.C. § 2255(f)(4) (providing that the one-year statute of limitations shall run from the latest of four circumstances, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence").

In other contexts involving the due diligence standard, we have stated that "merely alleg[ing] that the applicant did not actually know the facts underlying his or her claim does not pass th[e] test." *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997) (addressing an application for leave to file a successive 28 U.S.C. § 2254 petition); *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) ("[T]he legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate."). Further, a petitioner may not rely on his *pro se* status or procedural ignorance as an excuse for "prolonged inattention" when the relief requested requires promptness. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (addressing a § 2255 motion). Instead, he must "explain why his

evidence could not have been uncovered through a reasonable investigation [sooner] . . . or why the means that eventually uncovered his new evidence could not have been employed earlier." *See In re Lambrix*, 776 F.3d 789, 795 (11th Cir. 2015) (addressing an application for leave to file a successive § 2254 petition). "In determining whether a petitioner has pursued his or her rights diligently, the diligence required is reasonable diligence, not maximum feasible diligence." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (quotation marks omitted, alterations adopted) (addressing due diligence within the context of equitable tolling).

"The writ of error coram nobis has been issued to remedy certain violations of the sixth amendment." *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989). For example, the Supreme Court held, "[w]here it cannot be deduced from the record whether counsel was properly waived, . . . [and] no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court." *United States v. Morgan*, 346 U.S. 502, 512 (1954) (emphasis omitted).

We hold *pro se* pleadings to a less stringent standard and liberally construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Here, we grant the government's motion for summary affirmance because the government is clearly right as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. First, the government

is clearly right as a matter of law that the district court correctly found that Wright failed to show that his claims were previously unavailable to him through a § 2255 motion.  Notably, Wright was aware of the existence of § 2255 relief since at least 2010 when, responding to Wright's earlier petition, the magistrate judge gave Wright leave to file a § 2255 motion.  Wright, however, failed to file such a motion, so he cannot show that this claim was previously unavailable to him.  *See Brown*, 117 F.3d at 475.  Thus, the district court did not abuse its discretion when it found that the availability of a habeas remedy precluded *coram nobis* relief.  *See id.*; *Bane*, 948 F.3d at 1294; *Harris*, 989 F.3d at 911.

Second, the government is clearly right as a matter of law that the district court correctly found that Wright failed to provide a sound reason for not raising the claim earlier.  Wright argues that he learned that his defense counsel conspired with the government to knowingly withhold and suppress evidence in the form of a false search warrant after the expiration for relief under § 2255 was available.  He, however, does not explain how he discovered this information.  *See In re Boshears*, 110 F.3d at 1540; *Rhode*, 583 F.3d at 1291. Moreover, all of the information that he relies on stems from many years ago, and he does not explain what reasonable efforts he took to uncover the relevant facts.  *See In re Lambrix*, 776 F.3d at 795; *Thomas*, 992 F.3d at 1179.  Notably, evidence of Wright's search warrant appeared in his plea agreement and presentence investigation report in 2007, more than 15 years before Wright filed his motion for a writ of error *coram nobis*.  Thus, the district court did not commit clear error when it found that Wright failed to present

sound reasons for not seeking relief earlier. *See Mills*, 221 F.3d at 1204; *Gonzalez*, 981 F.3d at 850; *Robertson*, 493 F.3d at 1330.

Further, although Wright relies on *Morgan* to show that he alleged a claim of the most fundamental character, *Morgan* does not help him, because the Supreme Court expressly recognized that the petitioner had to first show "no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief." *See Morgan*, 346 U.S. at 512.

Lastly, although we hold *pro se* pleadings to a less stringent standard, Wright may not rely on his *pro se* status as an excuse when the relief requested requires promptness. *See Tannenbaum*, 148 F.3d at 1263; *Johnson*, 544 U.S. at 311.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**