[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER  03, 2001
THOMAS K. KAHN
CLERK

No. 98-3769

————————————

D. C. Docket No. 96-00125-5CV-WS

IVORY JOE PRUITT, a.k.a. Jimmy Porter, etc.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Florida
————————————
**(December 3, 2001)**

Before EDMONDSON and RONEY, Circuit Judges, and DIMITROULEAS[*],
District Judge.

PER CURIAM:

This is an appeal from the district court's order barring as untimely claims made

by amendment to Ivory Joe Pruitt's habeas corpus petition.  The Antiterrorism and

_____

[*] Honorable William P. Dimitrouleas, U.S. District Judge for the Southern District of Florida,
sitting by designation.

Effective Death Penalty Act of 1996 (AEDPA) provides a one-year after conviction time limitation for bringing habeas corpus claims. For convictions prior to the AEDPA, habeas corpus claims must be filed within one year after the date of the Act. Petitions brought before the date of the act are unaffected by the time limitations. The key question on appeal is this: when a petition for habeas corpus is filed before enactment of the AEDPA, and an amended petition is filed more than one year after the date of the Act, does the limitations period bar the amendments? We hold that the claims sought to be added by amendment are not barred if they "relate back" to the claims in the initial petition, but are barred if they do not "relate back." The district court held that the claims made by amendment in this case do not "relate back" to the claims made in the original petition and thus were untimely. We affirm.

Pruitt was convicted after a jury trial of the offenses of conspiracy to possess cocaine base with intent to distribute and possession of cocaine base with intent to distribute. On January 12, 1990, he was sentenced to 360 months in the custody of the Bureau of Prisons. On March 20, 1996, prior to April 24, 1996, the date the AEDPA became law, Pruitt, proceeding *pro se,* filed a 28 U.S.C. § 2255 petition for habeas corpus claiming that his sentence was imposed in violation of the *ex post facto* clause because the court applied minimum-mandatory sentencing provisions, and the

2

crime for which he was convicted occurred before the enactment of the Sentencing Guidelines.

On February 5, 1998, more than one year after April 24, 1996, the effective date of the AEDPA, Pruitt sought to amend his petition, this time claiming abuse of discretion by the district court, ineffective assistance of counsel, and prosecutorial misconduct. The district court found those claims did not arise from the same "conduct and occurrences" as those in the original petition, did not relate back to the date of Pruitt's original petition, and were therefore barred as untimely.

Pruitt claims that because he filed his original petition before April 24, 1996, the AEDPA-imposed limitations period does not apply to his petition and the district court should not have barred his amended claims as untimely. In supplemental briefing prompted by the Court's request at oral argument for further exploration of this precise question, the Government, improperly relying upon the import of our decision in *Mincey v. Head*, 206 F.3d 1106, 1130 (11th Cir. 2000), stated that "the district court's reason for barring the amendments was incorrect." This concession misinterprets *Mincey*, however, which simply held that a merits review of claims made before the enactment of AEDPA must be by pre-AEDPA standards. *Mincey* did not decide whether new claims, unrelated to the claims made in the original petition, could be time barred by AEDPA. The Government's initial brief adequately argues that the

3

claims asserted by amendment do not relate back to the claims made in the original petition, and no contrary concession was made in supplemental briefing.

Prior to 1996, 28 U.S.C. § 2255 permitted petitions for habeas corpus to be made "at any time." Courts liberally allowed such petitions, often years after conviction and sentence were final. *See, e.g., McKinney v. United States*, 208 F.2d 844 (D.C. Cir. 1954) (the fact that petition filed 15 years after the fact was irrelevant when petitioner was still in confinement); *Juelich v. United States*, 300 F.2d 381 (5th Cir. 1962) (motion considered by court despite seven year delay).

All of this changed, however, with the enactment of the AEDPA. The sentence in § 2255 that allowed a motion to be made "at any time" was replaced with language creating a one-year limitations period. The limitations period runs from latest of: (1) the date on which the conviction becomes final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right giving rise to the motion was recognized by the Supreme Court; or (4) the date on which evidence is newly discovered that gives rise to the motion. 28 U.S.C. § 2255. This Court has held that for prisoners whose convictions became final before the enactment of the AEDPA, the deadline for filing was April 23, 1997, one year after the effective date of the AEDPA. *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).

In *Lindh v. Murphy*, 521 U.S. 320 (1997), the Supreme Court held that the changes made in the habeas corpus statute by the AEDPA do not apply to pending petitions. We have applied the *Lindh* holding in the context of determining the proper standard of review for petitions filed pre-AEDPA. *See Mincey v. Head*, 206 F.3d 1106, 1130 (11th Cir. 2000) (petitioner entitled to review under provisions of 28 U.S.C. § 2254 in effect prior to AEDPA because he filed his habeas petition before the Act was signed into law), *cert. denied*, __ U.S. __, 121 S.Ct. 1369 (2001); *Mills v. Singletary*, 161 F.3d 1273, 1280 n. 6 (11th Cir. 1998) (Mills filed § 2254 petition for writ of habeas corpus before effective date of AEDPA, and therefore AEDPA standard of review provisions not applicable).

Pruitt argues that because his original petition is not governed by the AEDPA, he should be permitted to amend it under Federal Rule of Civil Procedure 15(a). Our pre-AEDPA cases have generally held that under Rule 15(a), leave to file amendments is freely given. *See Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *Scott v. Clark*, 761 F.2d 1524, 1527 (11th Cir. 1985). Whether a petition can be amended under Rule 15(a) however, either as of right, with consent of the court, or with the consent of the parties, does not answer the question of the date that those claims are considered to have been made for limitations purposes.

The Federal Rules of Civil Procedure provide a mechanism by which an amendment to a pleading under Rule 15(a) may be considered to have been filed as of the date of filing the original pleading. Rule 15(c) provides that an amendment will relate back to the date of the original pleading if the claims asserted in the amended pleading arise out of the same conduct, transaction, or occurrence as those giving rise to the claims in the original pleading. Although the Rule 15(a) law concerning amendments to habeas corpus petitions had been developed prior to AEDPA, there is little guidance as to how Rule 15(c) would have been applied to amendments to habeas corpus petitions. The reason is apparent: the effective date of the claims made in amendments to habeas corpus petitions was irrelevant, because if the claim could not be added by amendment, it could be asserted by subsequent petition that would not be barred by any limitations period. The time of filing was irrelevant. Consequently, pre-AEDPA Rule 15(c) law is found largely in cases involving an attempt to assert claims by amendment to non-habeas corpus civil complaints.

Congress intended Rule 15(c) to be used for a relatively narrow purpose. In the Advisory Committee Note to the 1991 amendments to Rule 15, the advisory committee states that "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading

errors to sustain a limitations defense." Congress did not intend rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts. *See generally Forzley v. AVCO*, 826 F.2d 974 (11th Cir. 1987). Thus, while Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment. See 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed. 1990).

This Court has applied Rule 15(c) to an amended petition for habeas corpus filed after the AEDPA. *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000). In *Davenport*, petitioner Joseph Davenport filed a habeas petition after enactment of the AEDPA, but within the one year grace period. The petition alleged that (1) the substance for which he was convicted did not meet the definition of crack cocaine; (2) his sentence was erroneous because it was based on a weight that included moisture in the cocaine; (3) the government knowingly allowed a key witness to perjure himself; and (4) his counsel was ineffective for the foregoing reasons. *Id*. at 1342-43. After expiration of the AEDPA deadline, Davenport filed an amended petition, this time alleging counsel was ineffective for (1) allowing sentencing for possession of more cocaine than was appropriate; (2) not requesting a complete lab report; and (3) failing to inform him of the possibility of a plea agreement. *Id*. at 1343.

7

Recognizing that this Court had not yet reviewed a Rule 15(c) motion in the context of a habeas corpus petition, we took guidance from other circuits in developing the rule:

> This Court has not addressed Rule 15(c) in the context of a § 2255 motion. However, three circuits have addressed this precise issue. All three circuits held that for an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. *See United States v. Pittman*, 209 F.3d 314 (4th Cir.2000); *United States v. Duffus*, 174 F.3d 333 (3d Cir.), cert. denied, --- U.S. ----, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999); *United States v. Craycraft*, 167 F.3d 451 (8th Cir.1999).  Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." *Pittman*, 209 F.3d at 318 ('both time and type"); *Duffus*, 174 F.3d at 337 ("same set of facts"); *Craycraft*, 167 F.3d at 457 ("same set of facts" and "both time and type").

*Id.* at 1344.

Applying this rule, we found that Davenport's original claims gave no indication of his amended claims. *Id*. at 1346.  Furthermore, Davenport's amended claims did not arise out of the same set of facts as the original claims, but instead arose out of separate conduct and occurrences in both time and type.  *Id*.

Guided by *Davenport,* we conclude that Pruitt's amended claims are too far removed from his original claims to "relate back."  The *Davenport* rule makes it clear

8

that the key factor is whether the amended claims arise from the same underlying facts as the original claims. Pruitt's original petition addressed only sentencing errors, while his amendment addressed trial errors such as ineffective assistance of counsel and prosecutorial misconduct. The facts supporting the original claim are in no way pertinent to any of the amended claims.

Pruitt's amended claims are so far removed from his original claims that allowing them would effectively require the government to prepare its case a second time. This result would comport with neither the *Davenport* rule nor the underlying principle of Rule 15(c).

Consequently, Pruitt's claims sought to be added by amendment do not relate back to the date of his original petition. The same analysis applies whether a district court denies leave to amend because the claims asserted by the petition to amend are untimely, or whether the district court allows the amendment and dismisses the claims as being barred by the limitations period. The district court correctly held that Pruitt's claims are time-barred under the AEDPA.

Pruitt also appeals the district court's refusal to grant a certificate of appealability regarding the denial on the merits of the claim made in his initial habeas petition. This appeal is procedurally improper because a district court's denial of a certificate of appealability is not reviewable by the circuit court. Pruitt should have

instead filed a renewed application for a certificate of appealability with this Court. *See* 28 U.S.C. § 2253(c)(1)(B) and *Edwards v. United States*, 114 F.3d 1083, 1084(11th Cir. 1997). Our rules provide, however, in the interest of judicial economy, that this Court may treat such an appeal as an application for a certificate of appealability. *See* 11th Cir. R. 22-1(c)(2). Since Pruitt's initial petition was without arguable merit, however, his appeal, treated as an application for a certificate of appealability, is denied.

AFFIRMED.