[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11372
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00042-CV-CB & 98-00056-CR-CB

MARCUS SANDERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 22, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Marcus Sanders, a federal prisoner serving a life sentence for killing a federal witness, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction. The district court granted a certificate of appealability (COA) only as to whether his trial attorneys acted reasonably by not calling a potential alibi witness, Toni Yancey. Accordingly, we will consider this issue on appeal. Sanders also asserts the district court erred by (1) ruling the issues set forth in Sanders' amended § 2255 motion did not relate back and were time barred; and (2) ruling the cumulative effect of trial counsel's errors was not prejudicial. Because our review is limited to the issue specified in the COA, we must determine whether to construe Sanders' brief as an application to expand the COA. We address the issues in turn and affirm the district court's denial of Sanders' § 2255 motion to vacate his conviction.

## I.

In a § 2255 appeal, we review factual findings for clear error while legal issues are reviewed *de novo*. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996). To prevail on an ineffectiveness-of-counsel claim, a petitioner must show deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). We do not need to address both prongs if the defendant makes an insufficient showing on one. *Id.* at 2069. In deciding whether trial counsel's

2

performance was deficient, "[t]here is a strong presumption that trial counsel's conduct is the result of trial strategy, and strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Sinclair v. Wainwright*, 814 F.2d 1516, 1519 (11th Cir. 1987) (citations omitted). To overcome the presumption of reasonableness, a defendant must show that no competent lawyer, under the same or similar circumstances, would have taken the action that his counsel took. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). "[C]ounsel's reliance on particular lines of defense to the exclusion of others–whether or not he investigated those other defenses–is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1318 (11th Cir. 2000) (*en banc*). Trial counsel is not required to present every nonfrivolous defense. *Id.* at 1319.

Whether to present certain testimonial evidence is a matter of trial strategy, and complaints of uncalled witnesses generally are disfavored. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).[1] Accordingly, we ordinarily will not second-guess tactical decisions of counsel in deciding whether to call an alibi witness. *See Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), we accepted as binding precedent all Fifth Circuit cases decided before October 1, 1981.

3

("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.").

Sanders' claim that the district court erred by finding his trial attorneys were not constitutionally deficient is without merit. Sanders' trial attorneys were concerned Yancey's cross-examination could potentially raise matters detrimental to Sanders' defense. Sanders' trial attorneys could have reasonably thought Yancey would distract the jury from their challenge to the reliability of eyewitness identification. *See Chandler*, 218 F. 3d at 1319 ("Good advocacy requires winnowing out some arguments, witnesses, evidence, and so on, to stress others.") (quotation omitted). This decision was strategic, and we will not second guess it. Because the trial attorneys' decision not to call Yancey as an alibi witness was reasonable, the district court did not err in concluding Sanders failed to satisfy *Strickland*'s performance prong.

## II.

Appellate review of a collateral challenge to a criminal conviction is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). An appeal of a district court's denial of a COA is procedurally improper. *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001). To expand the COA granted by the district court, a petitioner is required to

4

file a renewed application for a COA with this Court. *Id.* In the interest of judicial economy, however, we may construe an appellate brief as an application to expand the COA. *See id.* at 1319-20 (construing an appellate brief as application to expand the COA and denying the application).

The district court granted a COA on the issue of whether Sanders' trial attorneys were reasonable in not calling an alibi witness. Although it is unclear whether the COA included analysis of prejudice, the district court explicitly excluded all other issues from the COA. Sanders is attempting to appeal the district court's denial of the COA on several issues, which is procedurally improper. *Pruitt*, 274 F. 3d at 1319. Sanders did not explicitly make an application with this court to expand the COA and challenges the limits of the COA for the first time in his opening brief. Although we can construe the opening brief as an application to expand the issues of the COA, the application is untimely. *See id*. at 1319-20. Because the issues are beyond the scope of the COA, we will not address whether Sanders' new claims relate back to his original claims or whether the cumulative effect of trial counsel's error was prejudicial.

**AFFIRMED**.