[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11267
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20170-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN MENDEZ-VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 10, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit
Judges.

PER CURIAM:

Agustin Mendez-Vazquez, a federal prisoner proceeding pro se, appeals the district court's denial of his Rule 60(b) motion to reopen his case and grant him a certificate of appealability. We dismiss his appeal for lack of jurisdiction.

Mendez-Vazquez pleaded guilty to one count of conspiring to provide and obtain forced labor in violation of 18 U.S.C. § 1594(b). The district court sentenced him to 72 months in prison in January 2017. He did not directly appeal his conviction or sentence, but in a separate action he moved to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. On June 1, 2017, the district court denied that motion and denied him a certificate of appealability. A few months later Mendez-Vazquez sought permission from this Court to file a second or successive § 2255 motion. We denied that motion in November 2017.

On February 13, 2018, Mendez-Vazquez filed a pro se "Motion Under Fed. R. Civil P. 60(b)." Although he filed that motion in his criminal case, it appears to relate to the district court's denial of his § 2255 motion. He stated that his "§2255 Motion was denied with prejudice and without the certificate of appe[a]lability," and he asked the court "to reopen the case and give [him a] certificate of appe[a]lability to file a motion to appeal the decision of the District Court of Miami, Southern District of Florida." The district court denied the motion, and a month later Mendez-Vazquez filed this appeal. In his notice of appeal, and in his

2

brief before this Court, he argued that he received ineffective assistance of counsel when he entered into a plea agreement.  That was the same argument he made in his § 2255 motion.

We are under an obligation to sua sponte examine our jurisdiction and to review de novo any jurisdictional issues that come up.  See United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).  We construe Mendez-Vazquez's "Rule 60(b)" motion as a motion for the district court to grant him a COA to appeal the denial of his § 2255 motion.[1]  We lack jurisdiction to hear an appeal of the district court's denial of that motion.  See Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001) ("[A] district court's denial of a certificate of appealability is not reviewable by the circuit court.").  And we decline to construe his notice of appeal as an application for a COA from this Court because any appeal from his original § 2255 motion — which was denied by the district court over two years ago — would be untimely.  See Fed. R. App. P. 4(a)(1)(B); 11th Cir. R. 22-1(b) ("[T]he court of appeals will construe a party's filing of a timely notice of appeal as an application to the court of appeals for a certificate of appealability.") (emphasis added).

---

[1] We construe Mendez-Vazquez's motion as a motion for a COA because we think that is what it really is, even though he called it something else.  But even if we construed it as a Rule 60(b) motion for post-judgment relief, Mendez-Vazquez would fare no better: "Rule 60(b) simply does not provide for relief from judgment in a criminal case."  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

**DISMISSED.**