[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11440
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-22916-KMM


GLENN JACKSON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 8, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit
Judges.

PER CURIAM:

Glenn Jackson, proceeding pro se, appeals the district court's denial of his second motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b).

## I.

A Florida jury found Jackson guilty of trafficking cocaine, conspiring to traffic cocaine, and resisting arrest without violence. The state court sentenced him to two concurrent life terms for the drug charges and 364 days for resisting arrest. After unsuccessfully pursuing state habeas relief, Jackson filed a 28 U.S.C. § 2254 petition in the Southern District of Florida asserting that his trial and appellate counsel were ineffective, that the prosecutor knowingly presented false testimony at trial, and that the state court denied him a fair trial by prohibiting him from introducing certain impeachment evidence.

The district court referred Jackson's petition to a magistrate judge, who issued a report recommending that each of Jackson's claims be denied on the merits. At the end of the report, the magistrate judge stated that Jackson could file objections within fourteen days of receiving a copy of the report. But fourteen days came and went and there were no objections posted on the district court's docket. The district court waited another six days and then issued a paperless order adopting the magistrate judge's report and recommendation with minor alterations, denying Jackson's § 2254 petition, and denying him a certificate of appealability.

2

In that paperless order the district court noted that "[n]o objections ha[d] been filed" and that "the time in which to do so ha[d] passed."

It turns out, however, that Jackson had prepared objections to the magistrate judge's report and recommendation and had given those objections to prison authorities for mailing before the deadline had expired. But because of the time that it took for the objections to make their way out of the prison mail system and to the district court, they were not posted on the docket until the day after the district court adopted the magistrate judge's report and recommendation. Even so, the objections were timely under the prison mailbox rule, which provides that a document is "filed" on the date that a prisoner gives it to prison authorities for mailing. See Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1286 (11th Cir. 2016).[1] So the district court was mistaken when it stated that no objections had been filed. Despite that, Jackson did not move for reconsideration or seek to appeal the district court's order.

Five months later, Jackson filed a Rule 60(b) motion. He asked the court to grant him relief from the judgment denying his § 2254 petition "due to fraud,

---

[1] Jackson gave his objections to prison authorities for mailing on October 7, 2016, which was fifteen (not fourteen) days after the magistrate judge issued his report and recommendation. The State concedes, however, that Jackson's objections were still timely because of Federal Rule of Civil Procedure 6(d), which provides that parties who "must act within a specified time after being served" and who are served "under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to)" are entitled to an additional three days to submit their filings. See Appellee Br. at 4 n.1.

3

mistake, or inadvertent evidence being introduced as false impeach[ment] evidence" at his trial, but he did not mention anything about the district court's failure to consider his objections to the magistrate judge's report and recommendation.  The district court referred Jackson's Rule 60(b) motion to the same magistrate judge who reviewed Jackson's § 2254 petition.  The magistrate judge issued a report recommending that the district court deny the Rule 60(b) motion because it rehashed arguments that were raised in the § 2254 petition, asserted new arguments that were "patently frivolous," and appeared to be an attempt to circumvent 28 U.S.C. § 2244's bar against second or successive petitions.

Jackson filed timely objections to the magistrate judge's second report and recommendation.  But instead of challenging the magistrate judge's recommendation, Jackson conceded that he had failed to raise any arguments that would entitle him to relief under Rule 60(b) and asked the district court to strike the motion and give him an extension of time to file a new one.

The district court adopted the magistrate judge's second report and recommendation over Jackson's objection, denied the Rule 60(b) motion, and denied Jackson's request for an extension of time.  The district court concluded that Jackson's Rule 60(b) motion asserted arguments that challenged his state convictions instead of the integrity of his federal habeas proceedings and, as a

result, that his motion was an unauthorized second or successive petition. See 28 U.S.C. § 2244(b)(3)(A). The district court also concluded that Jackson did not need an extension of time to file a new Rule 60(b) motion because the deadline for doing so would not expire for another three weeks.

Jackson filed a second Rule 60(b) motion less than three weeks later. He raised twelve arguments, one of which asserted that he was entitled to relief from the judgment denying his § 2254 petition because the district court failed to consider his objections to the magistrate judge's first report and recommendation. The district court denied the motion. First, the court concluded, once again, that most of Jackson's arguments attacked his state convictions and therefore had to be dismissed for lack of subject matter jurisdiction. Second, the court held that the only argument that Jackson raised that did not challenge his state convictions — his argument that the district court wrongfully denied his § 2254 petition as untimely — was without merit. The district court did not, however, address Jackson's argument that he was entitled to Rule 60(b) relief because the court had failed to previously consider his objections to the magistrate judge's first report and recommendation.

Jackson then filed a motion for a certificate of appealability in the district court, which that court denied. Jackson appealed the denial. But because this Court may not review a district court's denial of a COA, see Pruitt v. United

5

States, 274 F.3d 1315, 1319 (11th Cir. 2001), we construed the COA motion that Jackson filed in the district court as a timely notice of appeal from the orders denying his two Rule 60(b) motions and construed the notice of appeal that Jackson filed in this Court as a motion for a COA from those orders.  We granted a COA on the following issue only:

> Whether the district court abused its discretion in denying Jackson's second Fed. R. Civ. P. 60(b) motion because the court failed to address his claim that he filed timely objections to the magistrate judge's report and recommendation, which recommended denying his 28 U.S.C. § 2254 petition?[2]

## II.

We review a district court's denial of a Rule 60(b) motion only for an abuse of discretion.  Lambrix v. Sec'y, Fla. Dep't of Corr., 851 F.3d 1158, 1170 (11th Cir. 2017).  Under that standard, "we affirm unless we determine that the district court applied an incorrect legal standard, failed to follow proper procedures in making the relevant determination, or made findings of fact that are clearly erroneous."  Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014).

---

[2] Because our review is limited to the issue specified in the COA, we do not address the other issues that Jackson raises in his appellate brief.  See Murray v. United States, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

6

Even if a ruling constitutes an abuse of discretion, that ruling will result in reversal only if the error was not harmless. See United States v. Augustin, 661 F.3d 1105, 1123 (11th Cir. 2011). An error is harmless "unless there is a reasonable likelihood that it affected the defendant's substantial rights." Id. (quotation marks and brackets omitted). And a non-constitutional error affects a defendant's substantial rights only where "the court concludes from the record as a whole that the error may have had a substantial influence on the outcome of the proceeding." Id. (quotation marks omitted).

### III.

Jackson contends that the district court abused its discretion by denying his second Rule 60(b) motion without addressing his argument that the court had previously failed to consider his objections to the magistrate judge's first report and recommendation. Even assuming, however, that the district court erred by denying his motion without explicitly addressing that argument, any error was harmless. That is because even if the district court had addressed Jackson's argument, it would not have entitled him to relief under Rule 60(b).

The reason that Jackson's argument would not have entitled him to relief under Rule 60(b) is that Rule 60(b) cannot be used as a vehicle to raise arguments that could have, and should have, been raised on direct appeal. See Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) ("[T]he

law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). Here, Jackson was aware that the district court failed to consider his objections to the magistrate judge's first report and recommendation as soon as the district court issued its paperless order, which incorrectly stated that "[n]o objections ha[d] been filed." There was no reason that Jackson could not have sought permission to appeal the district court's denial of his § 2254 petition on that basis in the district court or in this Court. See Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1249 (11th Cir. 2015) (considering, on direct appeal, appellants' argument that the district court "failed to consider their objections to the magistrate judge's Report and Recommendation").

Because Jackson's argument about the district court's failure to consider his objections to the magistrate judge's first report and recommendation would not have entitled him to Rule 60(b) relief, the district court's failure to address that argument when denying Jackson's second Rule 60(b) motion was harmless. Augustin, 661 F.3d at 1123. And because the district court's alleged error was harmless, reversal is not warranted in Jackson's case. Id.

**AFFIRMED.**

8