[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11566

Non-Argument Calendar

_____

DARRELL MARK BABCOCK,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 2:20-cv-14263-KAM,
2:16-cr-14071-KAM-1

————————————

Before WILSON, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The statutory time limit required Darrell Babcock to file a notice of appeal from the denial of his 28 U.S.C. § 2255 motion to vacate on or before December 30, 2022, which was 60 days after the district court denied his motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B), (a)(4)(A), (c). However, Babcock did not file his motions for certificate of appealability, which may be construed as notices of appeal, until April 26, 2023, and May 2, 2023, respectively.

Additionally, there is no basis in the record for relief under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6). Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time). Finally, to the extent that Babcock challenges the district court's May 2, 2023 order denying his motion for COA, an appeal from a district court's denial of a COA is procedurally improper. *See Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) (noting that the procedurally proper

23-11566              Opinion of the Court                    3

course of action for a party denied a COA by the district court is to file a renewed application for a COA with us).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.