[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13829

Non-Argument Calendar

_____

TORRIE CHERMAINE AUSTIN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14270-RLR

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. We previously construed Mr. Austin's October 2022 motion for a certificate of appealability as a notice of appeal from the district court's July 29, 2022 final judgment and remanded to the district court for the limited purpose of determining whether the appeal period should be reopened under Federal Rule of Appellate Procedure 4(a)(6).[1] The construed notice of appeal is untimely to challenge the final judgment, as it was filed after the statutory deadline, and the district court declined to reopen the appeal period on limited remand. *See* Fed. R. App. P. 4(a)(1)(A), (a)(6), (c)(1); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010); *see also Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015). Accordingly, we lack jurisdiction over this appeal.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.

---

[1] The original notice of appeal evinced an intent to appeal from the district court's October 31, 2022 order denying Mr. Austin's motion for a certificate of appealability but an appeal from a district court's denial of a certificate of appealability is procedurally improper. *See Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 2253(c)(1); *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).