[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10915

Non-Argument Calendar

_____

LUIS ANGEL LOPEZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01592-SDM-AEP

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Luis Lopez, *pro se*, appeals the denial of a certificate of appealability ("COA") in this 28 U.S.C. § 2255 action. He previously, through counsel, appealed the § 2255 judgment and we denied a COA in appeal no. 23-13259.

To the extent that Lopez is again challenging the district court's denial of his § 2255 motion and a COA, the appeal is untimely. He had until November 10, 2023—60 days after the district court's September 11, entry of final judgment—to challenge the final order and judgment. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). However, he did not file his *pro se* notice of appeal until March 8, 2024. Accordingly, the notice of appeal is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time).

Additionally, a new challenge to the final order and judgment would be duplicative of appeal no. 23-13259, and therefore, not properly before us. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (providing that a party "must ordinarily raise all claims of error in a single appeal following final judgment on the merits"); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986) (noting that we have inherent administrative power to dismiss duplicative litigation to avoid wasting

24-10915                Opinion of the Court                3

judicial resources).  Further, any challenge to the district court's or our denial of a COA is procedurally improper.  *See Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) (noting that the procedurally proper course of action for a party denied a COA by the district court is to file a renewed application for a COA with us); 11th Cir. 27-2 (providing that a party seeking to challenge our denial of a COA may file a motion for reconsideration with us within 21 days of the order's entry).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  All pending motions are DENIED as MOOT.  No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.