**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12182

Non-Argument Calendar

_____

JESSIE LEE BIZZELL,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-02434-PGB-UAM

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jessie Lee Bizzell, a state prisoner proceeding pro se, sought a writ of habeas corpus under 28 U.S.C. § 2254.  On April 13, 2022,

the district court entered an order and judgment denying Bizzell's habeas petition and a certificate of appealability ("COA"). Bizzell timely appealed, but we ultimately dismissed that appeal for want of prosecution in 2023.

Since then, Bizzell has filed in the district court several motions for a COA and for leave to proceed in forma pauperis ("IFP") on appeal. The district court has denied all those motions.

In June 2025, Bizzell mailed to us a notice of appeal that asks us for a COA and leave to proceed IFP, which created the instant appeal. We liberally construe that notice of appeal as challenging the April 13, 2022 final order and judgment and the district court's denials of a COA and leave to proceed IFP. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (holding that pro se filings are liberally construed).

We lack jurisdiction to review the final order and judgment because the June 2025 notice of appeal is untimely as to that order and judgment. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (explaining that a timely notice of appeal is a jurisdictional requirement in a civil case); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party). Without a timely appeal from the judgment, we cannot review Bizzell's request for a COA. *See* 11th Cir. R. 22-1; *Green*, 606 F.3d at 1300.

We also lack jurisdiction to review the district court's postjudgment orders denying a COA and leave to proceed IFP on

25-12182                Opinion of the Court                3

appeal because such rulings are not final, appealable decisions. *See* 28 U.S.C. § 1291. The proper procedure to challenge such rulings is to file in the appellate court, in a timely appeal from a final decision in a habeas action, a motion for COA or to proceed IFP on appeal. *See* Fed. R. App. P. 24(a)(5); *Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (IFP orders); *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) (COA orders); 28 U.S.C. § 2253(c)(1); *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); Fed. R. App. P. 22(b).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as MOOT.