**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10259

Non-Argument Calendar

————————————

THOMAS KENYON MCMEANS,

*Petitioner-Appellant,*

*versus*

EASTERLING CF WARDEN,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cv-00332-MHT-CWB

————————————

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Thomas Kenyon McMeans, a state prisoner proceeding pro se, appeals from the district court's January 31, 2024, opinion and judgment dismissing his construed habeas petition; the district

court's June 27, 2024, order denying his motion for leave to file a motion for reconsideration out of time; the magistrate judge's October 4, 2024, order denying his motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6); and the district court's December 17, 2024, order denying his construed motions for a certificate of appealability ("COA") and to appeal.

We previously asked the parties to address which ruling(s) the notice of appeal evinced an intent to appeal from, whether the notice was timely, and whether the challenged ruling(s) was/were final or otherwise appealable. Only the appellee responded.

After reviewing that response, we issued an order directing the parties to file letter briefs concerning the denial of the Rule 4(a)(6) motion. We concluded that the district court's December 2024 order rendered final the magistrate judge's October 2024 order about the Rule 4(a)(6) motion.

In his letter briefs, McMeans argues that his Rule 4(a)(6) motion was timely because it was filed within 180 days after the entry of the January 2024 opinion and judgment. The appellee argues that the motion was untimely because it was not filed within 14 days after McMeans received notice of those rulings.

First, we affirm the denial of McMeans's Rule 4(a)(6) motion. In his motion for leave to file a motion for reconsideration out of time, McMeans stated that he received notice of the January 2024 rulings on May 21, 2024. This is supported by an affidavit he attached to the motion. Given that, he needed to file a Rule 4(a)(6) motion by June 4, 2024. *See* Fed. R. App. P. 4(a)(6)(B) (providing

that such motions must be "filed within 180 days after the [ruling] is entered or within 14 days after the moving party receive[d] notice . . . of the entry, *whichever is earlier* (emphasis added)).

However, his motion was filed on July 26, 2024. *See* Fed. R. App. P. 4(c)(1) (describing the prison mailbox rule); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that, under the rule, a notice of appeal mailed by a pro se prisoner through a prison's mail system is deemed filed on the date that he delivered it to authorities for mailing); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (stating that the rule is generally applicable to all pro se prisoner filings). As a result, it was not a reversible error to deny the motion as untimely. *See McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002) (stating that we review such denials for abuse of discretion); *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013) (explaining that, under that standard, we "must affirm unless we determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard").

Given that McMeans is not entitled to Rule 4(a)(6) relief, his notice of appeal is untimely to challenge the January 2024 opinion and judgment. He needed to file a notice of appeal by March 1, 2024. *See* 28 U.S.C. § 2107(a) (providing that, in civil cases, a notice of appeal must be filed within 30 days after the entry of the challenged ruling unless there is a federal party); Fed. R. App. P. 4(a)(1)(A) (same). However, his notice was filed on January 7, 2025. *See* Fed. R. App. P. 4(c)(1); *Houston*, 487 U.S. at 276.

That means the notice is also untimely to challenge the June 2024 order denying his motion for leave.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  As a result, we lack jurisdiction to review those rulings.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that, in civil cases, the timely filing of a notice of appeal is a jurisdictional requirement).

What remains of McMeans's appeal is his challenge of the portion of the December 2024 order that denied his construed motion for a COA, to which his notice is timely.  However, that ruling is not appealable.  *See United States v. Pruitt*, 274 F.3d 1315, 1319 (11th Cir. 2001) (explaining that an appeal from a district court's denial of a COA is "procedurally improper" and that such a denial "is not reviewable by the circuit court").

Accordingly, the denial of McMeans's Rule 4(a)(6) motion is AFFIRMED.  His appeal from the January 2024 and June 2024 rulings is DISMISSED for lack of jurisdiction because it is untimely.  His appeal from the other portion of the December 2024 order is DISMISSED for lack of jurisdiction because that portion is not an appealable ruling.  All pending motions are DENIED as moot.